IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOYCE HUTCHENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 13 C 6447 |
| v. ) | |
| ) | Judge Edmond E. Chang |
| CHICAGO BOARD OF EDUCATION, ) | |
| ) | Magistrate Judge Michael T. Mason |
| ) | |
| Defendant. ) | |

**DEFENDANT BOARD'S ANSWER, AFFIRMATIVE DEFENSES, AND
JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant, the BOARD OF EDUCATION of the CITY OF CHICAGO (the "Board"), by and through its counsel of record, General Counsel James L. Bebley and Assistant General Counsel Brian J. Flores, files this Answer, Affirmative Defenses, and Jury Demand to Plaintiff's Complaint (the "Complaint") and states:

**I. NATURE OF ACTION**

1. This is an action brought against Defendant under 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. §1983, the 1964 and 1991 Civil Rights Acts, and the Constitution of the United States of America, to recover actual damages caused by Defendant's retaliation against the Plaintiff for complaining of discrimination and attempting to redress her grievances through the filing of 09 C 7931, for an award of punitive damages, injunctive relief, and for such other relief as this Court deems proper, including, but not limited to, an award of attorney's fees under 42 U.S.C. § 1988. This action also seeks declaratory and injunctive relief from retaliation in violation of 740 ILCS 174/15(2013) pursuant to this Court's pendant jurisdiction. Plaintiff demands trial by jury.

**ANSWER: Defendant Board admits the allegations contained in Paragraph 1.**

**II. JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343.

1

**ANSWER:** **Defendant Board denies that the statutes contained in Paragraph 2 provide for jurisdiction of Plaintiff's state claim. Defendant Board admits the remaining allegations contained in Paragraph 2**.

3. Venue is appropriate under 28 U.S.C. § 1391, because the Defendant conducts business in and the retaliation about which Plaintiff complains occurred in the Northern District of Illinois.

**ANSWER: Defendant Board denies that the statute contained in Paragraph 3 provide for the venue of Plaintiff's state claim. Defendant Board admits the remaining allegations contained in Paragraph 3.**

4. The Plaintiff is a resident of the State of Illinois.

**ANSWER: Defendant Board admits that Plaintiff's self-reported personnel information reflects that she resides in Illinois**.

5. At all times relevant to this cause of action, Defendant BOARD principally engaged in the business of educating children in the City of Chicago, in the Northern District of Illinois, through the provision of educational services and facilities. The BOARD is a state actor, acting under the color of state law and employs fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year in an industry affecting commerce.

**ANSWER: Defendant Board admits that it employs fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. Defendant Board denies the remaining allegations contained in Paragraph 5.**

6. On April 17, 2013, HUTCHENS timely filed a Charge of Discrimination with the EEOC. Said charge is attached hereto as Exhibit "A."

**ANSWER: Defendant Board admits that Plaintiff filed a charge of discrimination with the EEOC on April 17, 2013, which is attached as Exhibit A.**

**Defendant Board lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 6**.

7. Because the BOARD is a branch of local government, as required, HUTCHENS requested a Notice of Right to Sue from the U.S. Department of Justice on her retaliation charge, which is dated June 6, 2013 and was received on or about the following week. It is attached as Exhibit "B."

**ANSWER: Defendant Board admits that Exhibit B appears to be a right to sue letter dated June 6, 2013 and issued by the Department of Justice. Defendant Board denies that it is a branch of local government. Defendant Board lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 7.**

## FACTS

8. HUTCHENS began working for the BOARD in 1994 as a high school English Language Arts teacher.

**ANSWER: Defendant Board admits the allegations contained in Paragraph 8**.

9. In June 2009, HUTCHENS, who is Black, was laid off from her position as Curriculum Facilitator with the BOARD'S Professional Development Unit and was immediately replaced by Deborah Glowacki, a Caucasian.

**ANSWER: Defendant Board admits that plaintiff's self-reported personnel information reflects that she is Black. Defendant Board admits Plaintiff held the position of Curriculum Facilitator with the Board's Professional Development Unit when she was laid off. Defendant Board admits that Deborah Glowacki's self-reported personnel information reflects that she is White. Defendant Board denies the remaining allegations contained in Paragraph 9. Defendant Board affirmatively states that Plaintiff was laid off effective July 18, 2009.**

3

10. On December 22, 2009, HUTCHENS brought a seven count lawsuit against the BOARD and other individuals based upon racial and age discrimination, retaliation, and intentional infliction of emotional distress. Said lawsuit was assigned Case Number 09 C 7931, a copy of which is attached hereto as Exhibit "C."

**ANSWER: Defendant Board admits the allegations contained in Paragraph 10.**

**Defendant Board affirmatively states that plaintiff also alleged interference with contract.**

11. Soon after HUTCHENS's 2009 termination from the BOARD, HUTCHENS applied for numerous positions with the BOARD for which she was highly qualified. However, she failed to secure even an interview for a position.

**ANSWER: Defendant Board lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11.**

12. Despite her excellent credentials and despite being contacted to interview for numerous non-BOARD permanent positions, HUTCHENS has been unable to acquire a single full-time permanent position during the more than four-year period since her termination.

**ANSWER: Defendant Board lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12.**

13. After such interviews would reach the reference checking stage, HUTCHENS would never hear from the prospective employers again.

**ANSWER: Defendant Board lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13.**

14. Since her June 2009 layoff, HUTCHENS has been hired by three BOARD charter schools to serve in temporary and underemployed capacities. Neither of the three charter schools contacted the BOARD for references or employment verification for HUTCHENS.

**ANSWER: Defendant Board denies that Plaintiff was laid off effective June 2009. Defendant Board affirmatively states that Plaintiff was laid off effective July 18,**

2009. **Defendant Board lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14.**

15. Also since her June 2009 layoff, HUTCHENS has been hired by numerous other organizations to serve in temporary and significantly underemployed capacities. Neither of these organizations contacted the BOARD for references.

**ANSWER: Defendant Board denies that Plaintiff was laid off effective June 2009. Defendant Board affirmatively states that Plaintiff was laid off effective July 18, 2009.Defendant Board lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 15.**

16. Despite having two master's degrees and a national teaching certification, HUTCHENS has, on numerous occasions, worked for little more than minimum wage, simply to support herself because she was unable to acquire employment which would pay her more.

**ANSWER: Defendant Board lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16.**

17. Because of the negativity surrounding the BOARD's employment verification and references for her, HUTCHENS has had such a difficult time acquiring employment over the more than four years since her layoff, only because of the assistance of family and friends has she been able to support herself.

**ANSWER: Defendant Board lacks sufficient knowledge or information to form a belief as to the truth of the allegations that plaintiff has had a difficult time acquiring employment since her layoff, and only because of the assistance of her family and friends, plaintiff has been able to support herself. Defendant Board denies the remaining allegations contained in Paragraph 17.**

18. In November 2012, HUTCHENS was hired by Truman Middle College, a BOARD charter school, to serve in a part-time tutoring and substitute teaching capacity. HUTCHENS successfully completed her drug test and new employee orientation and had already begun serving in her new position while Truman awaited her references from the

5

BOARD. However, once Truman received references for HUTCHENS from the BOARD, she was never allowed to return to work.

**ANSWER: Defendant Board denies that it provided a reference for Plaintiff at any point, including in November 2012. Defendant Board denies that Truman Middle College is a Board Charter School. Defendant Board lacks sufficient information knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 18.**

19. In April 2013, HUTCHENS filed an EEOC charge of retaliation against Truman College. After Truman learned of the charge, Truman immediately began contacting HUTCHENS to return to work.

**ANSWER: Defendant Board lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19.**

20. Because of the behavior by Truman College, HUTCHENS suspected she was and had for years been blackballed to prospective employers by the BOARD. In March 2013, HUTCHENS hired Allison & Taylor, Inc. an employment verification and reference checking firm, to conduct verification and reference of HUTCHENS' employment with the BOARD.

**ANSWER: Defendant Board denies that it retaliated against Plaintiff or otherwise engaged in any unlawful conduct. Defendant Board lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 20.**

21. According to the BOARD's employment verification form, "requests will be processed and mailed within three to five business days" after the BOARD receives a signed and notarized authorization form the employee or former employee. A copy of the verification form is attached as Exhibit "D."

**ANSWER: Defendant Board admits the allegations contained in Paragraph 21.**

22. Allison & Taylor received HUTCHENS' signed and notarized authorization form on March 29, 2013.

6

**ANSWER:** **Defendant Board lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 22.**

23. "Maria," a BOARD Employee Records Department employee, acknowledged receiving the form from Allison & Taylor on March 29, 2013.

**ANSWER:** **Defendant Board admits that in 2013 Maria was a Board employee of the Board's Employee Records Department. Defendant Board denies the remaining allegations contained in Paragraph 23. Defendant Board affirmatively states that Maria acknowledged that the Board had received a verification of employment form for Plaintiff on March 29, 2013.**

24. On April 10, 2013, Maria informed Allison & Taylor that Gina Marlow was handling HUTCHENS' verification request, was doing "research" on it, and "it could take 10 days."

**ANSWER:** **Defendant Board denies the allegations contained in Paragraph 24.**

25. There was no reason for anyone at the BOARD to conduct "research" regarding HUTCHENS' employment and this reference raised questions to seasoned prospective employers about HUTCHENS.

**ANSWER:** **Defendant Board denies that there was no reason for anyone at the Board to conduct "research" regarding Plaintiff's employment. Defendant Board denies that it provides references, as opposed to employment verification information. Defendant Board lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 25.**

26. Allison & Taylor responded to Maria that it had already been over 10 days since the BOARD had received HUTCHENS' employment verification request.

**ANSWER:** **Defendant Board denies the allegations contained in Paragraph 26.**

27. On April 12, 2013, Allison & Taylor noted on their verification checking

form:

> We are closing out this case, as it is apparent that the reference is not motivated to respond to our messages or provide the information as requested.

Allison and Taylor also stated:

> Please note that we have made every effort to obtain information regarding your previous employment there, have faxed the information as requested by them and have attempted to contact them on the status of the information due to me. Regrettably, they have not seen fit to mail, call or fax back the information and ongoing efforts on our part may simply antagonize them. The conclusion we must draw is that they have no desire or intention of speaking with us, or with any prospective employer who attempts to contact them regarding your references. While we are constrained to close your case, note again that the reference's refusal to speak with us (or by extension, with a prospective employer) is instructive in itself.

A copy of Allison & Taylor's entire report is attached hereto as Exhibit "E."

**ANSWER: Defendant Board denies the assertions within the alleged report contained within Paragraph 27 and denies that Plaintiff attached an Exhibit E to her Complaint. Defendant Board lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 27.**

28. Upon information and belief, the conduct the BOARD exhibited with Allison & Taylor is indicative of the same behavior the BOARD has repeatedly exhibited toward HUTCHENS' prospective employers since her June 2009 layoff.

**ANSWER: Defendant Board denies that it retaliated against Plaintiff or otherwise engaged in any unlawful conduct. Defendant Board denies any remaining allegations contained within Paragraph 28.**

29. HUTCHENS also believes that her inability to acquire a single permanent position, her extended periods of unemployment, and her current and multiple periods of underemployment are all a direct result of the manner in which the BOARD has handled reference calls regarding her employment verification and work history.

8

**ANSWER: Defendant Board denies that it handles reference calls or gives out references. Defendant Board denies that it retaliated against Plaintiff or otherwise engaged in any unlawful conduct. Defendant Board lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's beliefs as indicated in Paragraph 29.**

30. In early January 2013, HUTCHENS sent to the U.S. Department of Justice, the Illinois States Attorney and the BOARD'S Inspector General, a letter, accompanied by several documents which appeared to depict a payroll fraud scheme involving BOARD employees.

**ANSWER: Defendant Board admits that in or about January 2013, Plaintiff provided the Defendant Board's Inspector General a letter with several documents, which made various allegations regarding a "fraudulent scheme [she] personally uncovered." Defendant Board denies that the letter depicted a payroll fraud scheme involving its employees. Defendant Board lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 30.**

31. Generally, HUTCHENS alleged that certain documents had been discovered during the discovery phase of HUTCHENS' December 22, 2009 lawsuit, in the personnel file of Deborah Glowacki, who had immediately assumed HUTCHENS' position after she was terminated.

**ANSWER: Defendant Board denies that Deborah Glowacki assumed Plaintiff's position after Plaintiff was laid off. Defendant Board admits that Plaintiff made various allegations to the Board's Inspector General, including those contained in Paragraph 31.**

32. The documents were brought to the attention of the BOARD during a March 2010 deposition which was conducted by HUTCHENS' former counsel.

9

**ANSWER:  Defendant Board denies the allegations contained in Paragraph 32.**

33. One of the documents was an allegedly falsified and altered official employment form entitled Staffing Recommendation Form which reflected Glowacki's position as a "Teacher Training Specialist" position and was dated December 30, 2008.

**ANSWER: Defendant Board admits that Plaintiff gave the Board's Office of the Inspector General a Staffing Recommendation Form for Glowacki. Defendant Board denies that its Inspector General received falsified or altered official documents from Plaintiff.**

34. On information and belief, the BOARD does not, did not at that time, and has never had a "Teacher Training Specialist" position.

**ANSWER: Defendant Board lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 34.**

35. Rather, the so-called "Teacher Training Specialist" position was classified as an A07 salary band.

**ANSWER:  Defendant Board denies that Glowacki ever held a position that was classified as an A07 salary band in its Electronic Personnel Database. Defendant Board lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 35.**

36. The following day, after the salary band had been approved by the BOARD'S payroll department, a computerized data sheet surfaced which reflected that Glowacki was staffed as a Curriculum Facilitator, the actual position for which she had applied.

**ANSWER: Defendant Board admits that Glowacki was staffed as a Curriculum Facilitator in 2009. Defendant Board denies that Glowacki ever held a position that was classified as an A07 salary band in its Electronic Personnel Database. Defendant**

**Board lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 36.**

37. Job Bulletin No. III, dated October 22, 2008 and advertising the Curriculum Facilitator indicates that the position is a Salary Band 6.

**ANSWER: Defendant Board admits the allegations contained in Paragraph 37**.

38. The Curriculum Facilitator's position had a salary band of A06. However, to inflate her salary, Glowacki was hired at the A07 salary band, and on information and belief, currently receives such salary, although her title remains Curriculum Facilitator. Although both positions clearly had different titles and salary bands, both reflected the position code of 243256.

**ANSWER: Defendant Board denies that Glowacki ever held a position that was classified as an A07 salary band in its Electronic Personnel Database. Defendant Board denies that it engaged in any discriminatory or otherwise unlawful conduct. Defendant Board lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 38.**

39. In July 2013, HUTCHENS applied for a temporary consulting position with Briljent Corporation. Either Briljent or a reference checking firm they used contacted the BOARD for a reference. For the very first time since her more than four year layoff, and only after she filed her April 17, 2013 charge of retaliation with the EEOC, HUTCHENS was not held back from getting a position after the reference check. HUTCHENS continues to make far less money than she would have with many of the other employers for whom she would have worked but for the BOARD's unlawful actions.

**ANSWER: Defendant Board denies that it provides "reference checks" and**

11

**that it retaliated against Plaintiff or otherwise engaged in any unlawful conduct. Defendant Board lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 39**.

## COUNT I – RETALIATION

40. Plaintiff incorporates ¶¶1-39 herein.

**ANSWER: Defendant Board hereby incorporates by reference its answers to Paragraphs 1-39, as its answer to Paragraph 40as though fully set forth herein.**

41. Based upon Plaintiffs filing and prosecution of *Hutchens* v. *Board of Education,* Case No. 09 C 7931, as well as HUTCHEN's opposition to unlawful discrimination, the BOARD has continuously retaliated against HUTCHENS, in violation of 42 U.S.C. Sec. 2000e- 3(a) and the First Amendment to the United States Constitution, by not providing timely, professional reference and employment verification information which would allow her to acquire new employment.

**ANSWER: Defendant Board denies the allegations contained in Paragraph 41**.

42. But for HUTCHEN's prosecution of *Hutchens* v. *Board of Education,* Case No. 09 C 7931, as well as HUTCHEN's opposition to unlawful discrimination, the BOARD would have provided to potential employers timely professional reference and employment verification information for HUTCHENS.

**ANSWER: Defendant Board denies that it provides "references." Defendant Board denies the remaining allegations contained in paragraph 42.**

43. As a result of the discriminatory acts of the BOARD, HUTCHENS has suffered embarrassment, humiliation, emotional distress, and significant financial loss.
WHEREFORE, Plaintiff respectfully requests, as against the BOARD:
A. A permanent injunction ordering the BOARD to provide potential employers with timely, professional reference and employment verification information;
B. Compensatory damages in an amount in excess of $300,000;
C. Punitive damages as allowed by law;
D. All wages and benefits Plaintiff would have received but for the unlawful discrimination and retaliation, including pre-judgment interest;
E. An award of attorney's fees and costs and expenses of this litigation; and

F.  Such other relief as law and justice allow.

**ANSWER: Defendant Board denies that Plaintiff is entitled to any of the alleged relief sought and further denies the remaining allegations in Paragraph 43.**

**COUNT II - ILLINOIS WHISTLEBLOWER'S PROTECTION ACT 740 ILCS 174/15**
*(2013)*

44.  Plaintiff incorporates ¶¶1-39 herein.

**ANSWER: Defendant Board incorporates its answers to Paragraphs 1 through 39 as its answer to Paragraph 44 as though fully set forth herein.**

45.  As a direct result of HUTCHENS reporting the alleged payroll scam, as herein described, to the U.S. Department of Justice, the Illinois States Attorney and the BOARD's Inspector General, the BOARD continuously retaliated against HUTCHENS by not providing timely, professional reference and employment verification information which would allow HUTCHENS to acquire new employment.

**ANSWER: Defendant Board denies that it gives references. Defendant Board further denies that it retaliated against Plaintiff or otherwise engaged in any unlawful conduct. Defendant Board denies the remaining allegations in Paragraph 45.**

46.  As a result of the discriminatory acts of the BOARD, HUTCHENS has suffered embarrassment, humiliation, emotional distress, and significant financial loss.

A.  A permanent injunction ordering the BOARD to provide potential employers with timely, professional reference and employment verification information;
B.  Compensatory damages in an amount in excess of $300,000;
C.  Punitive damages as allowed by law;
D.  All wages and benefits Plaintiff would have received but for the unlawful discrimination and retaliation, including pre-judgment interest;
E.  An award of attorney's fees and costs and expenses of this litigation; and
F.  Such other relief as law and justice allow.

**ANSWER: Defendont Board denies that Plaintiff is entitled to any of the**

**alleged relief sought and further denies the remaining allegations in Paragraph 46.**

## AFFIRMATIVE DEFENSE

1. To the extent that Plaintiff's Title VII claims are premised on alleged events that occurred more than 300 days prior to the filing of her EEOC charge, or to the extent that they are beyond the scope of the EEOC charge, they should be dismissed.

2. Matters previously litigated are barred by res judicata and collateral estoppel.

3. To the extent that Plaintiff failed to mitigate her damages, if any, they should be commensurately reduced to reflect such failure to mitigate.

4. To the extent that Plaintiff's Section 1983 claims are premised on alleged events that occurred more than two years prior to the filing of the claims, they should be dismissed.

5. To the extent that Plaintiff's state law claims are premised on events that occurred more than one year prior to the filing of those claims, they are time-barred pursuant to 745 ILCS 10/8-101.

6. Pursuant to 745 ILCS 10/3-108, the Board is immune from liability for Plaintiff's state law claims that are premised on the conduct of its employees, unless the alleged acts were willful and wanton and proximately caused the alleged injury.

7. Pursuant to 745 ILCS 10/2-103, the Board is immune from liability for Plaintiff's state law claims that are premised on allegations that her injuries were caused

by the Board's adoption, failure to adopt, or failure to enforce any law.

8. Pursuant to 745 ILCS 10/2-109, the Board is immune from liability for Plaintiff's state law claim that are premised on acts of its employees, and where the employees are not liable.

9. Defendant Board established a reasonably accessible procedure by which alleged victims of discrimination, harassment, retaliation, or other inappropriate activities could make their complaints known to appropriate officials who were in a position to respond to complaints. Plaintiff unreasonably failed to use such procedures or to otherwise avoid harm.

10. To the extent that Plaintiff seeks compensatory damages under Title VII, Defendant Board cannot be held liable for such compensatory damages. *See Espinueva v. Garrett,* 895 F.2d 1164 (7th Cir. 1990) ("Neither Title VII nor the ADEA authorizes awards of compensatory or punitive damages, as opposed to 'equitable' relief such as reinstatement and back pay").

11. To the extent that Plaintiff seeks punitive damages, Defendant Board cannot be held liable for punitive damages pursuant to 42 U.S.C. § 1981a(b)(1) and 745 ILCS 10/2-102.

## JURY DEMAND

Defendant BOARD OF EDUCATION OF THE CITY OF CHICAGO respectfully demands trial by jury.

>Respectfully submitted,
>JAMES L. BEBLEY,
>General Counsel

By: s/Brian J. Flores
Brian J. Flores
Assistant General Counsel
Board of Education of the City of Chicago
Law Department, 7th Floor
Chicago, Illinois 60603
773-553-1700

## CERTIFICATE OF SERVICE

I, Brian J. Flores, an attorney do hereby certify that I caused the attached **DEFENDANT BOARD'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT** to be served upon counsel of record via the Court's CM/ECF e-filing system on this 31st day of January 2014.

By: s/Brian J. Flores
Brian J. Flores
Assistant General Counsel
Board of Education of the City of Chicago
125 South Clark Street, Suite 700
Chicago, Illinois 60603
(773) 553-1700