**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

FILED
OCT 14 2014
OCT 1 4 2014
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| JOYCE HUTCHENS, | ) | |
| | ) | |
| HUTCHENS, | ) | Case No. 13-6447 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| | ) | |
| CITY OF CHICAGO | ) | |
| BOARD OF EDUCATION, | ) | Magistrate Judge Michael T. Mason |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE
TO FILE SUPPLEMENTCOMPLAINT**

In further support of her claims of retaliation against Defendant Chicago Board of Education, ("BOARD"), Plaintiff Joyce Hutchens, ("HUTCHENS"), respectfully requests that this court grant her leave to file supplemental counts 3-7 to her initial Complaint, and to add Chicago Board of Education attorney, Lisa Dreishmire, ("DREISHMIRE") as a defendant in this litigation.

Since the date of the initial filing of this lawsuit on September 9, 2013, significant additional factual information has come to light which has necessitated this critical request.

Specifically, on or around October 7, 2014, without HUTCHENS' knowledge or consent, DREISHMIRE contacted HUTCHENS' [now former] employer, Briljent, Inc., for information and referenced HUTCHENS continued involvement in the instant litigation against the BOARD.

At the time Briljent received the notification from DREISHMIRE, HUTCHENS had served just one day in the temporary consulting capacity of Training Facilitator, in which her duties were to train BOARD teachers and administrators on i-Ready, a new educational software

program. After receiving DREISHMIRE's request for information regarding HUTCHENS, Briljent immediately terminated HUTCHENS' consulting contract, per their co-partner, Curriculum Associates.

Briljent is the subcontractor on a recently acquired contract by Curriculum Associates, which was granted a contract from the BOARD to provide i-Ready to Chicago Board of Education students. Curriculum Associates is a research-based publisher of classroom materials.

DREISHMIRE'S behavior was no blunder, oversight or inadvertent error.. DREISHMIRE had full knowledge that HUTCHENS was serving as a consultant for Briljent, for in HUTCHENS' response to Defendant's First Set of Interrogatories, (Number 11), which HUTCHENS completed and submitted to the BOARD on September 15, 2014, HUTCHENS indicated she would be under contract with Briljent between October and December 2014. Moreover, during an August 12, 2014 Rule 37.1 Conference with DREISHMIRE, HUTCHENS informed DREISHMIRE that she anticipated additional consulting work from Briljent in the near future, and did not wish to have Briljent contacted for any reason.

This clearly shows DREISHMIRE's retaliatory and malicious intent to sabotage HUTCHENS' employment with Briljent because she knew HUTCHENS was working for Briljent at the time she submitted the requests for information to Briljent regarding HUTCHENS' performance.

Further, during the Rule 37.1 Conference, DREISHMIRE indicated that she would refrain from contacting Briljent and instead, would focus on the subpoena she indicated she would send to Truman Middle College, another former employer of HUTCHENS.

As DREISHMIRE also was aware, HUTCHENS had served as a consultant for Briljent in 2013, and there was no reason for DREISHMIRE to again contact Briljent. In a response to a

request for information by the BOARD in April 2014, Briljent submitted to the BOARD a letter regarding HUTCHENS' previous employment with Briljent and specifically informed the BOARD that (1) "With the employee's signature, we will provide income history," and (2) "Briljent does not comment on employees' actions, behaviors, reasons for leaving or any other information regarding their employment with us."

DREISHMIRE then waited for six months following the receipt of the letter from Briljent, and only after HUTCHENS informed the BOARD in her September 15, 2014 response to the BOARD's First Set of Interrogatories to Plaintiff she would begin working for Briljent in October 2014, DREISHMIRE submitted another request for information regarding HUTCHENS' prior employment with Briljent indicating that the instant litigation continued.

The requests for information arrived at Briljent's Human Resources Department precisely on HUTCHENS' first day of work on her new contractual assignment.

Moreover, although DREISHMIRE informed HUTCHENS via e-mail on October 2, 2014 that she had sent a subpoena to Truman Middle College to acquire information regarding HUTCHENS' work performance, DREISHMIRE failed to mention a single word to HUTCHENS that she also had contacted Briljent the same day. .

.DREISHMIRE and the BOARD's sole purpose was to *again* retaliate against HUTCHENS and to *again* seize her livelihood because of HUTCHENS' opposition to the BOARD's repeated unlawful discrimination and retaliation of HUTCHENS as asserted in Case Number 09 C 7931, its subsequent appeal, and the instant litigation.

DREISHMIRE's actions followed a series of e-mail messages she sent to HUTCHENS between September 29 and October 3, 2014, during which DREISHMIRE hysterically and unsuccessfully attempted to bully and intimidate HUTCHENS by harassing and threatening

3

HUTCHENS with legal action if HUTCHENS did not comply with DREISHMIRE's request to indicate in writing that (1) HUTCHENS would not use documents from lawsuit Case Number 09 C 7931 in the instant litigation, and (2) HUTCHENS would surrender to the BOARD the confidential documents from Case Number 09 C 7931.

DREISHMIRE sent the last threatening e-mail message to HUTCHENS on October 3, 2014, one day after she sent the request for information regarding HUTCHENS' previous employment to Briljent.

In the October 3, 2014 e-mail message to HUTCHENS, DREISHMIRE implied she would take some sort of action against HUTCHENS if HUTCHENS did not comply with DREISHMIRE's requests by Monday, October 6, 2014. DREISHMIRE did not specify what would happen if HUTCHENS failed to comply, and HUTCHENS did not respond to DREISHMIRE's demands.

DREISHMIRE's and the BOARD's intentional, malicious and outrageous conduct in preventing HUTCHENS from earning a living is a resounding theme in what has repeatedly occurred throughout the entire five year period since HUTCHENS filed her initial lawsuit against the BOARD in Case number 09 C 7931.

## ARGUMENT

Federal Rule of Civil Procedure 15(d) authorizes a district court, "upon reasonable notice and upon such terms as are just," to permit a party to serve a supplemental pleading setting forth events that have occurred since the filing of the original complaint. "The rule's basic aim is 'to make pleadings a means to achieve an orderly and fair administration of justice.'" *Jones v. Bernanke*, 685 F. Supp. 2d 31, 35 (D.D.C. 2010) (quoting *Gomez v. Wilson*, 477 F.2d 411, 417 (D.C. Cir. 1973)); *see also Griffin v. County School Bd.*, 377 U.S. 218, 227 (1964).

4

It is well established that, under such circumstances, particularly where supplementation does not change the claims that have been asserted against the defendants, adding a new party to the case by supplementing the Complaint is appropriate. *See, e.g., Griffin v. County School Board of Prince Edward County, 277, U.S. 218, 277 (1964); Gomez v. Wilson, 477 F.2d 411, (D.C. Cir. 1973).*

The interests of justice militates in favor of allowing all relevant evidence to be introduced into the record. This is especially true where, as here, fundamental constitutional rights are at issue. This Court should grant the instant motion and allow HUTCHENS to file critical supplemental counts so that the record will include information relevant to this Court's determination which was not available until after the filing of HUTCHENS initial complaint.

Here, as explained above and as further explained in the attached Supplemental Complaint, since the initial Complaint in this case was filed, DREISHMIRE and the BOARD have continued to retaliate against HUTCHENS by intentionally causing the immediate termination of an employment contractual relationship between Briljent, Inc. and HUTCHENS. Therefore, rather than filing a separate lawsuit, specifically against DREISHMIRE, HUTCHENS is asserting supplemental counts and adding DREISHMIRE as a new party since HUTCHENS is relying on developments which occurred after the initial Complaint was filed. The Supplemental Complaint does not present a new cause of action; rather, it constitutes proper assertions under Rule 15(d) of the Federal Rules of Civil Procedure, since the new counts are part of the BOARD's persistent and continuing efforts to retaliate against HUTCHENS for opposing unlawful discrimination.

## CONCLUSION

Accordingly, HUTCHENS respectfully requests that this Court grant HUTCHENS the instant motion for leave to file Supplemental Counts 3-7, and to add Lisa DREISHMIRE ("DREISHMIRE") as a defendant in this litigation.

Dated: October 14, 2014

Respectfully submitted,

Joyce Hutchens
Pro Se Plaintiff
1235 S. Prairie Avenue
Unit 1806
Chicago, IL 60605
(312) 316-4099