IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOYCE HUTCHENS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 C 6447 |
| | ) | |
| v. | ) | Judge Edmond E. Chang |
| | ) | |
| CITY OF CHICAGO BOARD OF EDUCATION, | ) | Magistrate Jude Michael T. Mason |
| | ) | |
| Defendant. | ) | |

### DEFENDANT BOARD'S
### FIRST SET OF INTERROGATORIES TO PLAINTIFF

Defendant the Board of Education of the City of Chicago (the "Board"), by its attorneys, pursuant to Federal Rule of Civil Procedure 33, submits this First Set of Interrogatories to Plaintiff and states:

### DEFINITIONS AND INSTRUCTIONS

A. ***Concerning.*** The term "concerning" means consisting of, referring to, reflecting, supporting, prepared in connection with, used in preparation for, or being in any way legally, logically, or factually connected with the matter discussed.

B. ***Document.*** The term "document" and "documents" are defined to be synonymous in meaning and equal in scope to the terms "documents" and "electronically stored information" as used in Federal Rule of Civil Procedure 34(a).

C. ***Identify (Documents).*** When referring to documents, to "identify" means to give, to the extent known: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author(s), according to the document; and (v) the person(s)

1

Exhibit B

to whom, according to the document, the document (or a copy) was to have been sent; or alternatively, to produce the document.

D. *Identify (Persons).* When referring to natural persons, to "identify" means to give the person's (i) full name; (ii) present or last known address and telephone number; (iii) present or last known place of employment; (iv) present or last known job title; and (v) relationship, if any, to the plaintiff or defendant. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

E. The relevant time period applicable to these discovery requests is June 1, 2009, to the present, unless otherwise specified.

F. This discovery is not subject to objections except upon grounds set forth in Federal Rule of Civil Procedure 26(b)(2)(B).

G. If a partial or incomplete answer or production is provided, the responding party shall state the reason that the answer or production is partial or incomplete.

H. These discovery requests are subject to Federal Rule of Civil Procedure 26(e) regarding supplementation and Federal Rule of Civil Procedure 26(g) regarding certification of responses.

I. These discovery requests are subject to Federal Rule of Civil Procedure 24(b)(2)(E) regarding form of production.

**PRIVILEGED MATTER**

Plaintiff is requested to identify and list all documents called for by this request but withheld from production on the grounds of attorney-client privilege, the work product exemption or on any other basis, and to specify in writing the grounds for non-production. Also, each such document shall be numbered, held separately, and retained intact pending a ruling from the court on the claimed privilege. Each document shall be identified in accordance with the definition set forth above.

**INTERROGATORIES**

**Interrogatory No. 1:** Identify all persons, including their addresses, telephone numbers, email addresses and job titles, whom you believe possess knowledge relating to any fact, defense or issue involved in this case. Include in your response a description of the substance of their knowledge, a statement of whether you presently expect to call the individual as a witness at trial and a description of all documents which support, tend to support, refute or tend to refute your response to this Interrogatory.

**ANSWER:**

**Interrogatory No. 2:** Identify any person other than your counsel and/or counsel's representatives who has provided you with a written statement or opinion of any kind which relates to any allegation, claim, defense or affirmative defense raised in this lawsuit, and for each such person, describe the nature of such statement or opinion and the date on which you obtained such statement or opinion.

**ANSWER:**

**Interrogatory No. 3:** Identify all witnesses you believe may have, or actually did, witness any alleged conduct about which you complain in this suit and/or who were otherwise made aware of such alleged conduct and identify all documents which support, tend to support, refute or tend to refute your answer to this Interrogatory.

**ANSWER:**

3

**Interrogatory No. 4:** Identify each similarly-situated person whom you believe was treated more favorably than you by the Board by name, title, and date they were treated more favorably.

**ANSWER:**

**Interrogatory No. 5:** Identify each person (with the exception of your attorneys' or your attorneys' agents) with whom you have communicated concerning the allegations in this lawsuit or any fact relevant to this lawsuit, and for each person identified, state the date(s) and briefly describe the substance of each communication with that person.

**ANSWER:**

**Interrogatory No. 6:** Identify the user name and email address for any Facebook account maintained by you from June 1, 2009, through the present.

**ANSWER:**

**Interrogatory No. 7:** Identify all experts you intend to call to testify at trial and/or with whom any such experts have consulted, and describe in detail the subject matter of each such expert's anticipated testimony, the facts and opinions concerning which each expert is expected to testify and the grounds for each opinion.

**ANSWER:**

**Interrogatory No. 8:** State whether you have ever been a party to any lawsuit other than this action, filed an EEOC or other human and/or employment rights agency charge other than that filed in connection with this action, and/or given sworn testimony (whether written or oral) in any matter other than this action. If so, for each lawsuit, charge or other testimony, please state: (a) name and location of the agency or court; (b) charge or court file number; (c) date commenced; (d) whether Plaintiff was the plaintiff, a defendant or a witness in the action; (e) names, addresses and telephone numbers for all other parties and their attorneys, including stating whether the person was a plaintiff, defendant or attorney; (f) nature of the charge, complaint and defense; (g) present status of the suit or charge; and (h) if concluded, the final result of the suit or charge and the amount of any award or settlement.

**ANSWER:**

**Interrogatory No. 9:** List each element of damages you are claiming and include in your response the following: the category into which each item of damages falls (i.e., general, special or consequential, interest, and any other relevant category), the factual basis for each item of damages, the amount claimed for each, an explanation of how each amount was calculated, including any mathematical formula, and a description of each document on which such calculation was based and of each document which supports, tends to support, refutes or tends to refute your response to this Interrogatory. To assist Defendant's counsel in obtaining a complete

4

answer to this Interrogatory, please complete the enclosed Educational and Employment Records Authorization, two Authorizations for Release of Medical Records and Information, Social Security Administration Consent for Release of Information, Request for Social Security Earnings Information and Request for Copy of Tax Return and return them to Defendant's counsel.

**ANSWER:**

**Interrogatory No. 10:** Describe specifically and in detail all steps you have taken to mitigate any damages you claim to have suffered as a result of any act or omission by or on behalf of Defendant. To assist Defendant's counsel in obtaining a complete answer to this Interrogatory, please complete the enclosed Educational and Employment Records Authorization, two Authorizations for Release of Medical Records and Information, Social Security Administration Consent for Release of Information, Request for Social Security Earnings Information and Request for Copy of Tax Return and return them to Defendant's counsel.

**ANSWER:**

**Interrogatory No. 11:** List each instance of employment, other than with the Board. With respect to each instance of employment, please state the dates of your employment, the address of your employers, the title of positions held, and whether you were ever the subject of any disciplinary proceeding(s).

**ANSWER:**

**Interrogatory No. 12:** Are you claiming any lost income or employment earnings as a result of the alleged incidents involved in this litigation? If so, please specify:

a. the total gross and net income lost;

b. the claimed source of any alleged lost income, including name and address of each such source;

c. The manner, that is, by daily rate, weekly, monthly, etc. by which you compute the amount of any claimed loss;

d. Please state whether you have documents, including tax returns, which substantial your claim loss of earnings.

To assist Defendant in obtaining complete information in response to this Interrogatory, please complete the enclosed Educational and Employment Records Authorization, Request for Social Security Earnings Information and Request for Copy of Tax Return and return them to Defendant's counsel.

**ANSWER:**

5

**Interrogatory No. 13:** Describe all sources of income you have received from June 2009 to the present, including all income you have received from Defendant, specifying the amounts received, dates of receipt and sources of such income. To assist Defendant's counsel in obtaining a complete answer to this Interrogatory, please complete the enclosed Educational and Employment Records Authorization, Social Security Administration Consent for Release of Information, Request for Social Security Earnings Information and Request for Copy of Tax Return and return them to Defendant's counsel.

**ANSWER:**

**Interrogatory No. 14:** For any period of time from June 2009, to the present in which you did not work for any reason (excluding weekends), including, but not limited to periods in which you did not work for any reason (excluding weekends), including but not limited to periods in which you did not work due to vacation, injury, illness or other employment, state the dates of such periods and the reason you did not work during each such period. To assist Defendant's counsel in obtaining a complete answer to this Interrogatory, please complete the enclosed Educational and Employment Records Authorization, two Authorizations for Release of Medical Records and Information, Social Security Administration Consent for Release of Information, Request for Social Security Earnings Information and Request for Copy of Tax Return and return them to Defendant's counsel.

**ANSWER:**

**Interrogatory No. 15:** Identify the website, user name, registration information, account detail, login information, or any other identifying information for any job board or job search websites for which you are (or were) registered or of which you are (or were) a member, including but not limited to: Hot Jobs, Career Builder, Monster, Indeed and/or Job.com, from June 1, 2009 through the present.

**ANSWER:**

**Interrogatory No. 16:** Are you claiming any psychiatric, psychological and/or emotional injuries as a result of the conduct complained of in your Complaint? If so, state:

    a. The symptoms of any such psychiatric, psychological and/or emotional injury and how such injury affects your life;

    b. The nature, extent and duration of any treatment for such psychiatric, psychological and/or emotional injury claimed;

    c. The name and address of each psychiatrist, physician, psychologist, therapist or other healthcare professional providing treatment for each injury;

    d. Whether you had suffered any psychiatric, psychological and/or emotional injury prior to the date of the conduct complained of in the

6

Complaint; and

e. If the answer to (d) is yes, please state when and the nature of any psychiatric, psychological and/or emotional injury, and the name and address of each psychiatrist, physician, psychologist, therapist or other health care professional rendering you treatment for such injury.

To assist Defendant in obtaining complete information in response to this Interrogatory, please complete the enclosed two Authorizations for Release of Medical Records and Information and Social Security Administration Consent for Release of Information and return them to Defendant's counsel.

**ANSWER:**

**Interrogatory No. 17:** Identify all medical practitioners, including but not limited to, physicians, psychologists, therapists, counselors and other health care providers, from whom you have received consultation, treatment and/or examination for any physical, mental or emotional illness, injury, or condition from June 1, 2007, to the present, listing the name, address and telephone number for each, their specialty of practice and a brief description of the reason for the service(s) and the date(s) on which the service(s) were provided. To assist Defendant in obtaining complete information in response to this Interrogatory, please complete the enclosed two Authorizations for Release of Medical Records and Information and Social Security Administration Consent for Release of Information and return them to Defendant's counsel.

**ANSWER:**

**Interrogatory No. 18:** Please identify any and all positions in any and all school districts, including the Board, for which you applied on or about June 1, 2009 through present. Please include in your answer the dates you applied for these positions and the dates of any interviews. To assist Defendant in obtaining complete information in response to this Interrogatory, please complete the enclosed Educational and Employment Records Authorization and return it to Defendant's counsel.

**ANSWER:**

**Interrogatory No. 19:** Indicate the name, address, and contact information of any person or company, including but not limited to Plaintiff, prospective employers, and employment verification firms, that requested from June 2009 to present any references, verifications of employment, or any other type of verification of Plaintiff's employment from the Board. Please include in your answer the dates that the aforementioned requests were made, the nature of the aforementioned requests, to whom the requests were made and the date and substance of any response received. If a company made a request, please include the full name of the employee or agent who made the request(s) on behalf of that company.

**ANSWER:**

7

DATED: March 5, 2014.

                                  Respectfully submitted,

                                  JAMES L. BEBLEY
                                  General Counsel

By: _____
                                  Brian J. Flores
                                  Board of Education of the City of Chicago
                                  Law Department, Suite 700
                                  Chicago, Illinois 60603
                                  (773) 553-1700

## CERTIFICATE OF SERVICE

I, Brian J. Flores, an attorney do hereby certify that I sent a copy of the foregoing document to counsel of record via regular U.S. mail on March 5, 2014.

_____
Brian J. Flores

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOYCE HUTCHENS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 C 6447 |
| | ) | |
| v. | ) | Judge Edmond E. Chang |
| | ) | |
| CITY OF CHICAGO BOARD OF EDUCATION, | ) | Magistrate Judge Michael T. Mason |
| | ) | |
| Defendant. | ) | |

**DEFENDANT BOARD'S**
**FIRST REQUESTS FOR PRODUCTION TO PLAINTIFF**

Defendant the Board of Education of the City of Chicago (the "Board"), by its attorneys, pursuant to Federal Rule of Civil Procedure 34, submits these First Requests for Production to Plaintiff and states:

**DEFINITIONS AND INSTRUCTIONS**

A. *Concerning.* The term "concerning" means consisting of, referring to, reflecting, supporting, prepared in connection with, used in preparation for, or being in any way legally, logically, or factually connected with the matter discussed.

B. *Document.* The term "document" and "documents" are defined to be synonymous in meaning and equal in scope to the terms "documents" and "electronically stored information" as used in Federal Rule of Civil Procedure 34(a).

C. *Identify (Documents).* When referring to documents, to "identify" means to give, to the extent known: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author(s), according to the document; and (v) the person(s)

1

to whom, according to the document, the document (or a copy) was to have been sent; or alternatively, to produce the document.

D. *Identify (Persons).* When referring to natural persons, to "identify" means to give the person's (i) full name; (ii) present or last known address and telephone number; (iii) present or last known place of employment; (iv) present or last known job title; and (v) relationship, if any, to the plaintiff or defendant. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

E. The relevant time period applicable to these discovery requests is June 1, 2009, to the present, unless otherwise specified.

F. This discovery is not subject to objections except upon grounds set forth in Federal Rule of Civil Procedure 26(b)(2)(B).

G. If a partial or incomplete answer or production is provided, the responding party shall state the reason that the answer or production is partial or incomplete.

H. These discovery requests are subject to Federal Rule of Civil Procedure 26(e) regarding supplementation and Federal Rule of Civil Procedure 26(g) regarding certification of responses.

I. These discovery requests are subject to Federal Rule of Civil Procedure 24(b)(2)(E) regarding form of production.

**PRIVILEGED MATTER**

Plaintiff is requested to identify and list all documents called for by this request but withheld from production on the grounds of attorney-client privilege, the work product exemption or on any other basis, and to specify in writing the grounds for non-production. Also,

2

each such document shall be numbered, held separately, and retained intact pending a ruling from the court on the claimed privilege. Each document shall be identified in accordance with the definition set forth above.

## LOST OR DESTROYED DOCUMENTS

If any documents requested herein have been lost, discarded or destroyed, the document so lost, discarded or destroyed shall be identified in accordance with the definition set forth above, providing as well the following information: date of disposal or loss, person authorizing the disposal, persons having knowledge of the disposal or loss, and person disposing of the document.

## REQUESTS FOR PRODUCTION

**Request for Production No. 1:** All documents identified in Plaintiff's Responses to Defendant's First Set of Interrogatories (or any other Interrogatories by Defendant).

**ANSWER:**

**Request for Production No. 2:** All witness statements and notes concerning the allegations made in your Complaint.

**ANSWER:**

**Request for Production No. 3:** All diaries, journals, calendars or similar notes, writings, documents or recordings which Plaintiff made, kept or maintained from June 1, 2009, to the present.

**ANSWER:**

**Request for Production No. 4:** All documents provided by Plaintiff or her agents to the EEOC, the IDHR, the CCHR or any other federal, state or local agency, concerning any charge or claim of discrimination or retaliation filed by Plaintiff against Defendant or any other employer.

**ANSWER:**

**Request for Production No. 5:** All documents received by Plaintiff or her agents from the EEOC, the IDHR, the CCHR or any other federal, state or local agency, concerning any

3

charge or claim of discrimination or retaliation filed by Plaintiff against Defendant or any other employer.

**ANSWER:**

**Request for Production No. 6:** All documents concerning damages you claim to have incurred in connection with the events described in your Complaint. To assist Defendant in obtaining a complete response to this Request, please complete the attached Educational and Employment Records Authorization, two Authorizations for Release of Medical Records and Information, Social Security Administration Consent for Release of Information, Request for Social Security Earnings Information and Request for Copy of Tax Return and return them to Defendant's counsel.

**ANSWER:**

**Request for Production No. 7:** All documents concerning employment held or sought by Plaintiff from June 1, 2009, to the present, whether at Defendant or any other place of employment, including but not limited to resumes or applications submitted, paycheck stubs, wage statements and documents concerning benefits provided. To assist Defendant in obtaining complete information in response to this Request for Production, please complete the enclosed Educational and Employment Records Authorization, Request for Social Security Earnings Information and Request for Copy of Tax Return and return them to Defendant's counsel.

**ANSWER:**

**Request for Production No. 8:** All documents concerning Plaintiff's qualifications for employment held or sought by Plaintiff from June 1, 2009, to the present, whether at Defendant or any other place of employment.

**ANSWER:**

**Request for Production No. 9:** All documents concerning any communication between Plaintiff and/or any third party and the Board, by and through its employees or agents, concerning any allegation made in your Complaint.

**ANSWER:**

**Request for Production No. 10:** All documents concerning medical, psychological and/or counseling treatment you received from June 1, 2009, to the present and/or an executed form releasing such medical information to Defendant's counsel for the limited purpose of use in this lawsuit. To assist Defendant in obtaining complete information in response to this Request for Production, please complete the enclosed two Authorizations for Release of Medical Records and Information and Social Security Administration Consent for Release of Information and return them to Defendant's counsel.

**ANSWER:**

4

**Request for Production No. 11:** All income tax returns prepared by or for Plaintiff, whether filed jointly or separately, from June 1, 2009 to the present, including any W-2 forms relating to such tax returns and all other supporting records. To assist Defendant in obtaining complete information in response to this Request for Production, please complete the enclosed Request for Copy of Tax Return and return it to Defendant's counsel.

**ANSWER:**

**Request for Production No. 12:** Your fee agreement with your counsel in this lawsuit, if any.

**ANSWER:**

**Request for Production No. 13:** For each Facebook account maintained by you, please produce your account data for the period of June 1, 2009, through present. You may download and print your Facebook data by logging onto your Facebook account, selecting "Account Settings" under the "Account" tab on your homepage, clicking on the "learn more" link beside the "Download Your Information" tab, and following the directions on the "Download Your Information" page.

**ANSWER:**

**Request for Production No. 14:** Your current resume(s).

**ANSWER:**

**Request for Production No. 15:** All documents concerning your employment with any entity other than the Board from June 1, 2009, to the present, including but not limited to the termination of any such employment. To assist Defendant in obtaining a complete response to this Request, please complete the attached Educational and Employment Records Authorization and return it to Defendant's counsel.

**ANSWER:**

**Request for Production No. 16:** For each job search website identified in response to Interrogatory No. 15, please produce your account data for the period of June 1, 2009 through the present.

**ANSWER:**

**Request for Production No. 17:** All documents supporting, refuting or referring to your allegation in Paragraphs 41 and 45 of the Complaint that Defendant engaged in continuous retaliation against Plaintiff.

**ANSWER:**

5

**Request for Production No. 18:** All documents supporting, refuting or referring to your allegation in Paragraph 17 that the Board's action or inaction caused Plaintiff to have a difficult time acquiring employment over the more than four years since her layoff.

**ANSWER:**

**Request for Production No. 19:** All documents supporting, refuting or referring to your allegation in Paragraph 20 that Plaintiff hired Allison & Taylor, an employment verification and reference checking firm.

**ANSWER:**

**Request for Production No. 20:** All documents supporting, refuting or referring to your allegation in Paragraph 20 that Allison & Taylor conducted reference checks concerning Plaintiff with the Board.

**ANSWER:**

**Request for Production No. 21:** All documents submitted to the Board, including but not limited to the payroll scheme complaint identified in Paragraph 30 of Plaintiff's Complaint, that form the basis of Plaintiff's Illinois Whistleblower Reward & Protection Act claim.

**ANSWER:**

DATED:   March 5, 2014.

Respectfully submitted,

JAMES L. BEBLEY
General Counsel

By: /s/ Brian J. Flores
Brian J. Flores
Board of Education of the City of Chicago
Law Department, Suite 700
Chicago, Illinois 60603
(773) 553-1700

**CERTIFICATE OF SERVICE**

I, Brian J. Flores, an attorney do hereby certify that I sent a copy of the foregoing document to counsel of record via regular U.S. mail on March 5, 2014.

/s/ Brian J. Flores

6