
Chicago Public Schools

Dreishmire, Lisa <ldreishmire@cps.edu>

# Case No. 13-6447: Rule 37 Letter re Discovery Deficiencies

1 message

**Dreishmire, Lisa** <ldreishmire@cps.edu>  Fri, Aug 8, 2014 at 12:30 PM
To: Joyce Hutchens <joyce.hutchens@att.net>

Ms. Hutchens,

Please see the attached correspondence.

Best,
Lisa

--
Lisa A. Dreishmire
Senior Assistant General Counsel
Board of Education of the City of Chicago
125 South Clark Street, Suite 700
Chicago, IL 60603
Direct Dial: (773) 553-1691
ldreishmire@cps.edu

📎 **2014.8.8 Discovery Deficiencies Letter to Hutchens.pdf**
267K

Exhibit D



# Board of Education of the City of Chicago
## Law Department

James L. Bebley
General Counsel

125 South Clark Street, Suite 700
Chicago, IL 60603
Telephone: (773) 553-1700
Fax: (773) 553-1701

August 8, 2014

*Via E-Mail*

Ms. Joyce Hutchens
Joyce.Hutchens@att.net

    Re:    *Hutchens v. Board of Education of the City of Chicago*, Case No. 13-CV-06447, in the United States District Court for the Northern District of Illinois, Eastern Division.

Dear Ms. Hutchens:

    I am writing concerning your responses to the Board's Interrogatories and Requests for Production, as well as your Initial Disclosures, which I believe are deficient. In this letter, I explain the reasons for that believe. I would like to discuss this letter with you after you have had a chance to read it so we can work through as many of these issues as possible without taking up the Court's time.

## INTERROGATORY ANSWERS

    Your Interrogatory Answers are incomplete. First, you state in the cover letter included those Answers: "My research/investigation into your interrogatories continues. I will, therefore, expand significantly on many of your interrogatories during my deposition and provide supplemental information prior to or during the deposition and/or before the close of discovery." However, the Board is entitled to complete answers to its interrogatories now, not at a later time of your choosing. Among other things, we need to obtain this information before your deposition so we will be prepared to properly question you about it during the deposition. We describe more specifically below the additional information to which we believe the Board is entitled.

    In your answer to Interrogatory No. 1, you say "relevant documents" supporting the answer are "herein presented." However, no documents were included with your Interrogatory Answers. Please provide the referenced documents.

August 8, 2014
Page 2

    Regarding Interrogatory No. 2, you were asked to provide, among other things, a description of the nature of each identified person's statement or opinion and the date on which you obtained such a statement or opinion; however, you did not do so. Please provide all of the requested information.

    Similarly to Interrogatory No. 1, in your answer to Interrogatory No. 3, you mention "relevant documents," but neither identify nor produce them. Please produce the referenced documents or, if they have already been produced, identify them so the Board will know to which documents you are referring.

    You have not provided a complete answer to Interrogatory No. 5, in which the Board asks you to identify the date and briefly describe the substance of each communication with a person regarding the allegations in your lawsuit (other than your attorney). You merely stated, "I have previously expanded on this information," but it is unclear to what you are referring, as none of the other interrogatory answers respond fully to this request. Please provide a complete answer to this interrogatory.

    Regarding Interrogatory No. 6, the Board asks you to identify any Facebook account you maintained from June 1, 2009, to the present. You state, "Plaintiff has no Facebook account." Please clarify that response to state whether you have had such an account at any point during the specified time frame (not just the present).

    We appreciate your stating in response to Interrogatory No. 7 that you have not yet determined whether you will call any experts. However, we ask that you please supplement your answer if and when that changes, rather than waiting until "before the close of discovery," as your answer implies.

    You declined altogether to answer Interrogatory No. 8, in which the Board asks about your history regarding litigation and administrative charges. Instead, you say, "Plaintiff has been a party in several lawsuits as both a plaintiff and defendant and believes this information is more appropriate as deposition testimony. Plaintiff will provide this information during her deposition." The Board is entitled to conduct discovery in the method it prefers, not the method you dictate. In this case, the Board wants to obtain relevant records regarding your other litigation and charges before your deposition so we can fully investigate those issues during the deposition. Therefore, we ask that you promptly and fully answer this interrogatory.

    Likewise, in your answers to Interrogatory Nos. 9, 10, 11, 12, 13, 14 and 15, which concern your alleged damages in this case (not in your prior litigation with the Board) and your efforts to mitigate those alleged damages, you provide no substantive response and direct the Board to discovery in your prior lawsuit as well as your deposition in this case (which has yet to be taken). The Board is entitled to know now

August 8, 2014
Page 3

all of the information it requests concerning your alleged damages and mitigation and we ask that you answer these interrogatories completely, as well as producing all of the requested documents. You also failed to return to the Board any of the signed records authorizations the Board asked you to complete in connection with your Interrogatory Answers and Responses to Requests for Production. Please complete and return those authorizations to the Board immediately.

In Interrogatory Nos. 16 and 17, the Board asks about any alleged psychiatric, psychological and/or emotional injuries you claim to have experienced as a result of the conduct complained of in this lawsuit (as opposed to your prior lawsuit), and any treatment you have received for same. You provided no substantive answers to these interrogatories, telling the Board you will provide it "before the close of discovery." Moreover, you again failed to complete the records authorizations the Board asked you to sign in order to permit the Board to obtain complete information responsive to these interrogatories. While you claim to have "responded to this information in [your] Request to Produce," your document production does not contain any information about your medical history or treatment. Please provide complete answers to these interrogatories, including the signed records authorizations the Board propounded.

With respect to Interrogatory Nos. 18 and 19, the Board asked you to identify all positions for which you have applied from June 1, 2009, to the present and to identify all reference requests you believe the Board received on your behalf, in addition to various details related to same. You have provided no substantive information in that regard in your interrogatory answers. Even if some such information was provided informally to the Board in the course of discovery, the Board is entitled to obtain complete written, sworn interrogatory answers in that regard. Nor did you provide the signed records authorizations the Board propounded in connection with Interrogatory No. 18. We ask that you do so and that you completely answer these interrogatories.

Finally, the Board is entitled to obtain verified interrogatories from you, meaning that you sign them under oath as required by Federal Rule of Civil Procedure 33(b)(1). Please provide your amended interrogatory answers (as described above) with a verification you have signed. For your convenience, I have provided with this letter a copy of a verification the Board would accept regarding your interrogatory answers.

## RESPONSES TO REQUESTS FOR PRODUCTION

In response to Request No. 1, you say, "Relevant documents which support Plaintiff's allegations are being presented." It is unclear whether this means you have actually produced such documents to the Board. If not, please produce them.

You write in response to Request No. 2, "Notes described in Answer 1, created by Sue Kallgren, Allison & Taylor, Inc. are being presented." Again, it is unclear if this

August 8, 2014
Page 4

means you have produced such documents to the Board. If not, please do so. Additionally, this Request is not limited to notes by third parties—for instance, if you have any notes concerning the allegations in your Complaint, the Board is entitled to discover those as well. Please produce such records or confirm in an amended response that none exist.

Likewise, your response to Request No. 3, regarding "All diaries, journals, calendars or similar notes, writings, documents or recordings which Plaintiff made, kept or maintained from June 1, 2009, to the present" is deficient. You first claim to have previously provided that information to the Board in *Hutchens v. Board*, Case No. 09 C 7931," which is not an appropriate response for a variety of reasons. One such reason is that the Board is entitled to know precisely which documents you rely upon in support of your claims in this case without having to guess to which of the hundreds of documents produced in that case you refer. Another is that the Agreed Protective Order the Court entered in that case prohibits you from using documents produced in that case for any other purpose, including other litigation, as I explained in detail in a separate letter also sent to you today. You also say you "reserve[] the right to further add to this information, but the Board is entitled to receive now all documents you have which are responsive. Please produce to the Board all documents responsive to this Request.

With respect to Request Nos. 4 and 5, it is unclear whether you have provided all responsive documents to the Board. If not, please do so.

Concerning your response to Request Nos. 6, 7, 10, 11, 15 and 16, related to your alleged damages and/or mitigation of same, you may not refer the Board to documents produced in prior litigation or filed in connection with your appeal from that litigation, as explained above. Additionally, the Board is entitled to receive all responsive documents now, to the extent they are in your possession, custody or control. Please provide all responsive documents. You have also failed to sign the third party records authorizations proffered by the Board; we again ask that you please do so and return them to me.

Regarding Request Nos. 9 and 17, you provide what appears to be your own recently created typewritten statement which includes the following claim: "Plaintiff reserves the right and intends to supplement this information significantly before the close of discovery." The Board is entitled to discovery now—not just before discovery closes—what information is in your possession, custody or control which you believe supports your claims. Please provide all documents responsive to this Request.

The Board requests your fee agreement with counsel in Request No. 12 because you seek attorneys' fees from the Board, according to your Complaint and Initial

August 8, 2014
Page 5

Disclosures. If you no longer seek to recover attorneys' fees from the Board, please amend your Initial Disclosures to so state. If you do seek to recover such fees, the Board is entitled to discovery of the applicable fee agreement and we ask that you produce it.

In response to Request No. 18, you say your allegation is supported "in part" by various facts. The Board, however, requests all documents supporting that allegation. Please produce all responsive documents.

Finally, in response to Request No. 21, you state, "Plaintiff's investigation continues, and Plaintiff reserves the right to supplement this information prior to the close of discovery." However, this request for "All documents submitted to the Board … that form the basis of Plaintiff's Illinois Whistleblower Reward & Protection Act claim" inherently calls for production of documents which would already be in your possession, as we ask for all documents showing you complained to the Board about an alleged payroll fraud scheme. We are entitled to that discovery now—not later—and ask that you please produce all responsive documents.

## INITIAL DISCLOSURES

Initially, I would note your Initial Disclosures were provided by your prior counsel, Deidre Baumann. Regarding persons with knowledge relevant to your claims, you state, "Investigation continues." We ask that you please update this list to include all witnesses of whom you are currently aware, to the extent the list does not already include them.

As explained above, your reliance in the Initial Disclosures on "all documents relevant to the previously filed complaint in *Hutchens v. Board*, Case No. 09 C 7931" is not appropriate, for a variety of reasons. One such reason is that the Board is entitled to know precisely which documents you rely upon in support of your claims in this case. Another is that, as explained above and in my separate letter of today, the Agreed Protective Order the Court entered in that case prohibits you from using documents produced in that case for any other purpose, including other litigation. Please produce to the Board all documents you intend to rely on in support of your claims in this case.

Finally, you include a section labeled "Approximate Damages" in your Initial Disclosures. I would like to remind you of the actual requirements of Federal Rule of Civil Procedure 26(a)(1)(A)(iii) in that regard:

> a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

August 8, 2014
Page 6

You have not provided the information required, as you merely give a ballpark figure of "$300,000" in compensatory damages without explaining how you reached that figure, mention "punitive damages" without specifying any figure for that damage category and say you seek "all wages and benefits Plaintiff would have received but for the unlawful discrimination and retaliation," again, without providing any monetary figure for that damage category. Please amend the Initial Disclosures to provide the required information.

    I would like to conduct a conference regarding these issues pursuant to Federal Rule of Civil Procedure 37. In this conference, we will try to work out as many of these issues as possible by agreement before the Board files a motion to compel you to provide the requested information and documents. Please let me know what date/time in the next week are available for you to conduct such a conference.

    Thank you in advance for your cooperation in this regard.

                           Sincerely,

                           *Lisa A. Dreishmire* (signature)

                           Lisa A. Dreishmire
                           Senior Assistant General Counsel

LD:lad
Enclosure

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOYCE HUTCHENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.   13-CV-06447 |
| ) | |
| CHICAGO BOARD OF EDUCATION, ) | Judge Edmond E. Chang |
| ) | |
| Defendant. ) | |

## VERIFICATION

I, Joyce Hutchens, state that I have read the foregoing *Answers to the Board's First Set of Interrogatories* and that the information I provide therein is true, correct and complete. I declare under penalty of perjury that each statement in this Verification is true and correct.

_____
Joyce Hutchens