Chicago
Public
Schools

Dreishmire, Lisa <ldreishmire@cps.edu>

# Case No. 09-CV-07931: Letter re Agreed Protective Order Compliance

1 message

**Dreishmire, Lisa** <ldreishmire@cps.edu>                          Fri, Aug 8, 2014 at 12:30 PM
To: Joyce Hutchens <joyce.hutchens@att.net>

Ms. Hutchens,

Please see the attached correspondence.

Best,
Lisa

--
Lisa A. Dreishmire
Senior Assistant General Counsel
Board of Education of the City of Chicago
125 South Clark Street, Suite 700
Chicago, IL 60603
Direct Dial: (773) 553-1691
ldreishmire@cps.edu

📄 **2014.8.8 Letter re Protective Order Compliance.pdf**
560K

Exhibit K



# Board of Education of the City of Chicago
## Law Department

James L. Bebley
General Counsel

125 South Clark Street, Suite 700
Chicago, IL 60603
Telephone: (773) 553-1700
Fax: (773) 553-1701

August 8, 2014

*Via E-Mail*

Ms. Joyce Hutchens
Joyce.Hutchens@att.net

Re:   *Hutchens v. Board of Education of the City of Chicago,* Case No. 09-CV-07931
and 13-CV-06447, in the United States District Court for the Northern
District of Illinois, Eastern Division.

Dear Ms. Hutchens:

I am writing to remind you of your continuing obligations under the Agreed
Protective Order the Court entered in your prior lawsuit against the Board. (Docket #19,
Case No. 09-CV-07931). A copy of that Order is attached for your convenience.

The Agreed Protective Order, which pertains to confidential material produced
in the case, provides: "The confidential material will be used by the plaintiff solely for
plaintiff's present lawsuit, case No. 09 C 7931, and will not be used for any other
purpose including, but not limited to, commercial, legal or personal use." (Docket #19
¶8, emphasis added) The Order remains binding on you even after the dismissal of
your 2009 case. (Docket #19 ¶11, emphasis added) The Order required you to return all
confidential documents to the Board within 45 days after the 2009 case closed. (Docket
#19 ¶13) However, you did not do so, to my knowledge.

I am writing this letter because I believe you have violated the Agreed Protective
Order by, among other things, using documents from your prior litigation to pursue
your current lawsuit. Specifically, you recently produced documents to the Board in
Case No. 13-CV-06447 which the Board produced in your prior lawsuit under the
protection of the Agreed Protective Order. In most instances, it appears you covered up
the Board's Bates number on the document and then stamped it with your own Bates
number. However, a few of the documents you produced still bear the Bates number
the Board affixed to those documents in your prior litigation.

August 8, 2014
Page 2

      Some examples of your use of documents in violation of the Agreed Protective Order are reflected in the following chart:

| Document | Your Bates # in 13-CV-06447 | Board Bates # in 09-CV-07931 |
|---|---|---|
| Staffing Recommendation Form for Tabita Sherfinski | 127 | 1569 |
| Staffing Recommendation Form for James Klock | 128 | 2382 |
| PeopleSoft for Deborah Glowacki | 129 | 1835 |
| PeopleSoft for Tabita Sherfinski | 136 | 1853 |
| PeopleSoft for Plaintiff | 137 | 647 |
| 11/5/2009 Letter to Cushing extending offer with Board | 138 | 2291 |
| 8/20/2009 Emails re Cushing Staffing | 139 | 2292 |
| 1/9/2009 Cushing Employment Verification Letter [1] | 140 | 2300 |
| 1/5/2009 Request for Employment Verification re Cushing | 141 | 2295 |
| 1/5/2009 Staffing Recommendation Form for Cushing | 142 | 2290 |
| PeopleSoft for Karen Cushing | 143 | 1813 |
| 1/14/2008 Letter re Team Leader Position | 146-148 | 191-193 |
| James Klock Resume | 149-150 | 2446-2447 |
| Various PDU-Related Memoranda and Notes | 153-162 | 221-230 |

All of the above-referenced documents clearly fall within the scope of the Agreed Protective Order, as they are personnel records or other documents related to former or current Board employees. (Docket #19 ¶2) Additionally, it is my understanding that prior Board counsel Jennifer Wu informed your prior counsel, James Fennerty, that she was producing these documents pursuant to the Agreed Protective Order.

      The Board asks that you please do the following:

1. return to the Board all documents the Board produced in Case No. 09-CV-07931 (and any copies you made of such documents, including but not limited to the copies you have attempted to re-use in your current litigation);
2. confirm in writing that you have not disclosed or provided any documents the Board produced in Case No. 09-CV-07931 (including copies of such documents) to anyone other than the Board; and
3. indicate in writing your understanding of and intent to abide by both the Agreed Protective Order entered in Case No. 09-CV-07931 (Docket #19) and the Parties' Agreed Confidentiality Order in Case No. 13-CV-06447 (Docket #26, a copy of which is attached for your convenience).

      If you do not comply with the above-listed requests by **Friday, August 15, 2014**, the Board will seek relief from the Court. Hopefully, however, we can resolve this issue without the necessity of Court intervention.

August 8, 2014
Page 3

Please let me know if you have any questions or would like to discuss this issue.

Sincerely,

Lisa A. Dreishmire
Senior Assistant General Counsel

LD:lad
Enclosures

МНN

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JOYCE HUTCHENS, ) | |
| ) | |
| Plaintiff, ) | Case No. 09 C 7931 |
| ) | |
| v. ) | |
| ) | |
| LILY McDONOGH, AMANDA ) | |
| RIVERA, and the CHICAGO BOARD ) | Judge Rebecca Pallmeyer |
| OF EDUCATION, ) | |
| ) | Magistrate Judge Mason |
| Defendants. ) | |

### AGREED PROTECTIVE ORDER

Defendants, Board of Education of the City of Chicago, Lily McDonagh, and

Amanda Rivera, and Plaintiff, Joyce Hutchens, having agreed through their respective

attorneys, and the court having found good cause for the issuance of a protective order

pursuant to Fed. R. Civ. P. 26(c), it is hereby ordered that:

1.   This Order protects all confidential material, as defined herein, contained

in documents and records, including all copies, excerpts or notes thereof, which may be

produced pursuant to any pending or future discovery requests.

2.   "Confidential material" shall include, but is not limited to the following

Board of Education materials: (i) personnel files, disciplinary actions, histories and files

generated by the investigation of complaints of former or current employees; (ii)

information related to the materials set forth in section 2(i), above, that is protected by

the Illinois Personnel Records Review Act, 820 ILCS 40/0.01, et seq. (West 2004) and

Section 7 of the Illinois Freedom of Information Act, 5 ILCS140/1, et seq. (West 2004), as

well as personal and family information of Board of Education employees, including

residential information, (iii) all documents containing information regarding the dates

of birth, addresses, social security numbers, benefits information, including but not

limited to medical information, financial information, and income tax information, (iv)

the contents of any and all investigation files created by the Board of Education Law

Department, and (v) any and all school documents or student records by which any

current or former student of the Chicago Public Schools may be individually identified.

3.      The confidential materials described above, and the information contained

therein, shall not be disclosed in any manner except to: (i) the court; (ii) the named

parties; (iii) the attorneys of record in this action, or other attorneys designated by

attorneys of record to work on this case and their staff (counsel for the parties have

represented and are bound by such representations that they have the authority to and

hereby do bind their staff members to these confidentiality clauses in this Protective

Order); (iv) consultants and experts assisting attorneys of record in this litigation for

purpose of assisting in the preparation of this litigation for trial; (v) stenographers or

court reporters in connection with the recording of sworn deposition and/or trial

testimony; and (vi) any other person agreed to by the parties in writing or as provided

by court order upon application of either party.

        a.      Nothing in this order affects Board of Education employees who

        are responsible for maintaining such documents and/or records in the

        ordinary course of the Board of Education's business.

2

    b.  This order also pertains to documents or materials identified in paragraph 2 above, which were exchanged before the entry of this order by the parties as part of their informal or formal discovery.

    c.  Nothing in this order prevents or precludes a party from redacting any confidential material not relevant to the issues or parties to this case prior to the production of such material to the other party. Any party making such redactions shall produce a redaction log to the other party.

  4.  Before disclosing confidential materials to any person in section (vi) of paragraph 3, above, counsel for the party tendering such material shall first receive from the intended recipient(s) a written and signed declaration that he or she received a copy of this Order and agrees to abide by its terms. A copy of the declaration shall be served upon opposing counsel at least five (5) business days before disclosure or delivery of confidential material to the intended recipient(s). Nothing in this Order prevents defendants from subpoenaing and obtaining medical records from plaintiff's treaters and other third parties.

  5.  In the event that anyone wishes to prohibit access of confidential material to an intended recipient as set out in paragraph four above, that party shall serve opposing counsel with a motion to prohibit access to the specific information or documents identified within five (5) business days of receiving notice of the intended protection. Opposing counsel shall not disclose any of the subject confidential materials to the intended recipient until the court rules on the motion.

6.　　In the event that anyone wishes to challenge the confidentiality of any confidential material, the party asserting that the documents should be designated as confidential shall bear the burden of demonstrating the propriety of the confidentiality.

7.　　Nothing in this Order prevents or precludes either party from attempting to introduce any confidential material into evidence at trial.

8.　　The confidential material will be used by the plaintiff solely for plaintiff's present lawsuit, case No. 09 C 7931, and will not be used for any other purpose including, but not limited to, commercial, legal or personal use.

9.　　If any confidential materials or any papers which attach documents containing such confidential materials (or include or contain information subject to this Order) are filed in this case, whether with the clerk of the court or in chambers, as part of a motion, brief or other pleading, all confidential material contained in such papers (as set forth in paragraph 2, above) shall be redacted prior to the filing of such papers.

However, if any identified confidential material is necessary or relevant for the court's determination, thereby requiring disclosure to the court, then court-approval must be obtained prior to submission to the court. Once court-approval has been obtained, the documents shall be filed with the clerk of the court and submitted to the court in chambers in an envelope. The envelope shall be accompanied by a cover sheet which shall include the following:

　　　a.　　the caption of the case, including the case number;

　　　b.　　the title "Restricted Document Pursuant to LR26.2;"

　　　c.　　a statement indicating that the document is filed as restricted in

accordance with an order of court and the date of that order; and

d.       the signature of the attorney of record or unrepresented party filing

the document.

The clerk of the court is hereby directed to file and store the above document in the tendered envelope marked "Restricted Document pursuant to LR 26.2" so as to safeguard their confidential nature, and make those materials available only as authorized by the court.

The confidential material should be submitted to the Court's chambers electronically pursuant to the CM/ECF procedures and in accordance with applicable Court rules governing submission of information to the Court that is governed by a Protective Order.

10.      No filing under seal, or any other designation as a restricted document, is to be permitted without previously-obtained court approval.

11.      Upon final termination of the above-entitled action, whether by settlement, dismissal or other disposition, the provisions hereof relating to the confidential materials shall continue to be binding upon any attorneys of record, their employees, the parties herein, their officers and employees, deposition witnesses, experts, consultants and others, as agreed upon by the parties.

12.      After the case is closed in the District Court, the parties may obtain the return of any previously-sealed or previously-restricted documents by a motion filed within sixty-three (63) days after the case is closed. Any documents that are not so withdrawn will become part of the public case file.

5

13.     Within forty-five (45) days of the conclusion of this lawsuit, whether by jury verdict, court order, settlement or by any other means, the confidential material produced by any party and all copies of confidential material made by counsel, except those filed with the clerk of the court, shall be returned to counsel who produced the material.

14.     Nothing in this Protective Order shall be deemed a waiver of the party's right to timely object to the discovery requests on any proper grounds or any prior objectives to discovery requests, or to seek protection of any other documents during the course of these proceedings.

15.     This Court retains the authority to potentially re-designate any confidential material as a public document upon application to the Court and upon a showing of good cause as provided by Rule 26(c) of the Fed. R. Civ. Procedure.


ENTERED:


Honorable Rebecca Pallmeyer                    6/10/2010
United States District Court for
The Northern District of Illinois

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOYCE HUTCHENS, | ) | |
| | ) | |
| Plaintiff | ) | Case No. 13 C 6447 |
| | ) | |
| v. | ) | Judge Edmond E. Chang |
| | ) | |
| CITY OF CHICAGO BOARD OF | ) | |
| EDUCATION, | ) | Magistrate Judge Michael T. Mason |
| | ) | |
| Defendant. | ) | |

## PARTIES' AGREED CONFIDENTIALITY ORDER

The parties to this Agreed Confidentiality Order, Plaintiff Joyce Hutchens, *pro se*, Defendant Board of Education of the City of Chicago ("the Board"), by its attorneys, General Counsel James L. Bebley and Assistant General Counsel Brian J. Flores have agreed to the terms of this Order. Accordingly, it is ORDERED:

**1. Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. Nothing in this Order affects Board of Education employees who are responsible for maintaining such documents and/or records in the ordinary course of the Board's business, with respect to documents already in that employee's possession, custody or control irrespective of this litigation. Nothing in this Order absolves any party of any applicable document retention requirements.

2. **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute, including under the Illinois Personnel Records Review Act, 820 ILCS 40/0.01, *et seq.*, the Illinois Freedom of Information Act, 5 ILCS 140/1, *et seq.*, as amended, and the Illinois School Student Records Act, 105 ILCS 10, *et seq.*; (b); information generated by the investigation of complaints of former or current Board employees that is found in personnel files, disciplinary files, grievance files, histories and other confidential information in the files; (c) any and all school documents or student records by which any current or former student of the Chicago Public Schools may be individually identified; (d) medical information concerning any individual; (e) personal identity information, including social security numbers, dates of birth, family information of current and former Board employees, and residential information of Board employees; (f) financial information, including income tax returns schedules and attachments; or (g) personnel or employment records of a person who is not a party to the case. Such information includes, but is not limited to, private information in personnel files, such as employment applications, performance evaluations, tax forms, requests for medical leave, disciplinary, financial, benefits, medical or other information that is of a sensitive or non-public nature regarding plaintiff, defendants, non-party witnesses, and non-party employees of the Board. Information or documents that are available to the public may not be designated as Confidential Information. Nothing in this order shall prevent parties from redacting certain identifying information, such as social security numbers and dates of birth, prior to production.

### 3. Designation.

(a)  A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b).  A party may designate a document as Confidential Information only after review of the document by an attorney or a party appearing pro se who has in good faith determined that the document contains Confidential Information as defined in this Order.

### 4. Depositions.

Deposition testimony is protected by this Order only if designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the record at the time the testimony is taken. Such designation shall be specific as to the portions that contain Confidential Information. To protect

the privacy concerns of students, as set forth in the Illinois School Student Records Act, 105 ILCS 10, *et seq.*, the parties will make all reasonable efforts to protect the identities of students subject to testimony during depositions by using protective devices such as initials or first names only, and further, request the court reporter to maintain such protective devices in transcription.

**5. Protection of Confidential Material.**

(a) **General Protections.** Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

(b) **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1) **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the action;

(2) **Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) **The Court and its personnel;**

(4) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(5) **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6) **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) **Witnesses at depositions.** During their depositions, witnesses in this action to

whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

**(8) Author or recipient.** The author or recipient of the document (not including person who received the document in the course of litigation); and

**(9) Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6. **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7. **Filing of Confidential Information.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply

with Local Rule 26.2.

**8. No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection. Nothing in this Protective Order shall be deemed a waiver of any party's right to timely object to the discovery requests on any proper grounds.

**9. Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

**(a) Meet and Confer.** A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

**(b) Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

**10. Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**11. Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**12. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence

of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

**13. Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

**14. Obligations on Conclusion of Litigation.**

**(a) Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b) Conclusion of Litigation.** Within forty-five (45) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in paragraph 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. **(c) Retention of Work Product and Court Filed Documents.** Notwithstanding the above requirements to return

or destroy documents, counsel may retain attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation provided that its use does not disclose or use Confidential Information.

(d) **Deletion of Documents Filed under Seal from ECF System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

**15. Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

**16. No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**17. Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

So Ordered.

Dated: May 23, 2014

_Edmond E. Chang_
Hon. Edmond E. Chang
United States District Judge

ATTACHMENT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOYCE HUTCHENS, | ) | |
| | ) | |
| Plaintiff | ) | Case No. 13 C 6447 |
| | ) | |
| v. | ) | Judge Edmond E. Chang |
| | ) | |
| CITY OF CHICAGO BOARD OF | ) | |
| EDUCATION, | ) | Magistrate Judge Michael T. Mason |
| | ) | |
| Defendant. | ) | |

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order

dated _____ in the above-captioned action and attached hereto,

understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to

the jurisdiction of the United States District Court for the Northern District of Illinois in matters

relating to the Confidentiality Order and understands that the terms of the Confidentiality Order

obligate him/her to use materials designated as Confidential Information in accordance with the

Order solely for the purposes of the above-captioned action, and not to disclose any such

Confidential Information to any other person, firm or concern. The undersigned acknowledges

that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____          _____

Signature