**Answer to Request for Production No. 9**

Plaintiff herein presents evidence of communication between current Board counsel, Sunil Kumar, and Plaintiff's former counsel, Deidre Baumann in 2012. Plaintiff also has provided evidence of communication between former Board counsel, Sabrina Haake, and Baumann in 2012, during which Haake references the ARDC complaint Plaintiff filed against Haake in January 2011 in conjunction with her misconduct in Case 09 C 7931. In regard to the instant litigation, Plaintiff alleges that Haake orchestrated the retaliation against Plaintiff first and foremost because of Plaintiff's filing of lawsuit 09 C 7931 and Plaintiff's subsequent whistle blowing of the payroll fraud scheme involving I▉ M▉. Plaintiff is not claiming that other Board of Education employees were not involved in the retaliation of her.

Plaintiff has further presented e-mails from Plaintiff's initial attorney, James Fennerty, to Plaintiff and Sabrina Haake, immediately prior to Fennerty's sudden withdrawal from Plaintiff's case (09 C 7931. Plaintiff also has herein provided transcripts from the December 2010 withdrawal hearing of Fennerty which clearly reflects that Judge Pallmayer interrupted her vacation and travelled to court exclusively to dismiss Fennerty and M▉ from Plaintiff's case after receiving a request, likely from the Board, while she was on vacation to do so. M▉ was subsequently dismissed from case 09 C 7931 without Plaintiff's authorization. Plaintiff alleges and intends to prove at trial that Haake orchestrated M▉'s dismissal from this case in order to divert attention from M▉'s payroll fraud scheme in which D▉ G▉'s salary was illegally inflated and of which Haake and former Board attorney Jennifer Wu became aware in 2010 during Plaintiff's litigation, but did nothing. Haake also repeatedly made false statements in court documents regarding G▉'s illegal salary in order to conceal the scheme, which, like nearly every allegation Plaintiff has herein made, and can prove, is nothing less than attorney and judicial misconduct. In support of the latter allegation, Plaintiff has provided excerpts from Defendants' Motion in Opposition of Plaintiff's Motion to Reconsider. Plaintiff will expand significantly on this issue during her deposition and reserves the right and intends to supplement this information before the close of discovery. Plaintiff alleges that Haake also retaliated against Plaintiff because of the filing of Plaintiff's ARDC complaint against Haake which, although Haake later claimed was "baseless," Haake either resigned, "retired," during the subsequent ARDC investigation which spanned more than one year, or she illegally received the three no-bid contracts, totaling $230,000 in addition to her salary. Plaintiff's investigation continues and she reserves the right and intends to significantly supplement her information in this regard prior to the close of discovery.

Plaintiff is herein presenting evidence of two $90,000 no-bid contracts Haake received within a nine month period for her misconduct, immediately following her resignation, "retirement," or while she remained a Board employee, but while she was being investigated by the ARDC. The contracts were issued and approved by former Board head counsel Patrick Rocks in 2011 and 2012. One such contract was awarded to Haake three days prior to Rocks' exit as head counsel from the Board. Plaintiff also is herein presenting evidence of one $50,000 no-bid contract which was issue and approved by the Board's current head counsel, James Bebley following ARDC's investigation of Haake. The $90,000 contract is equivalent to Haake's annual salary and the $50,000 contract represents one-half of Haake's annual salary. Taxpayers, with the exception of Plaintiff, were unaware that Haake received the contracts while under ARDC investigation, and members of the Board, specifically, Mr Vitale, Mr. Ruiz, Mr. Azcoitia, Mr. Bienen, Ms. Hines, Ms. Quaaao and Ms. Zopp were unaware that Ms. Haake was being investigated by the ARDC when they approved her contracts. Plaintiff's investigation continues in this regard and Plaintiff reserves the right and intends to supplement this information significantly before the close of discovery.

Exhibit L