**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOYCE HUTCHENS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHICAGO BOARD OF EDUCATION, ) <br> ) <br> Defendant. ) | Case No. 13-CV-6447 <br><br> Judge Edmond E. Chang |

**DEFENDANT BOARD'S MOTION FOR LEAVE TO FILE SUR-REPLY OPPOSING
PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT
AND ADD LISA DREISHMIRE AS A DEFENDANT**

Defendant Board of Education of the City of Chicago (the "Board") files this Motion for Leave to File Sur-Reply Opposing Plaintiff's Motion for Leave to Supplement Complaint and Add Lisa Dreishmire as a Defendant (the "Motion," Docket #33) and states:

**INTRODUCTION**

Today Plaintiff filed a Reply supporting her Motion, in which she makes new arguments, alleges new "facts" and attaches new evidence not included in the Motion. Those arguments include, but are not limited to, a new request for sanctions against the Board's counsel.[1] Those "facts" include, but are not limited to, new allegations of misconduct by the Board's counsel, both in this litigation (concerning contact with a witness) and other litigation. Plaintiff's failure to raise these and other arguments and "facts" in her Motion unfairly deprived the Board of the chance to address them in its Response. (Docket #38) Even if the Court finds Plaintiff waived the new arguments, "facts" and evidence by failing to include them in the Motion, the Board and its counsel wish to respond to Plaintiff's scurrilous allegations about the Board's counsel to correct the record. The Board therefore asks that the Court grant it leave to file a Sur-Reply to the Motion within ten (10) business days after such leave is granted.

---

[1] The Board received the Reply by hand delivery and it has not yet been electronically filed in the Court docket. Therefore, the Board does not know the docket number for the Reply.

# ARGUMENT

The decision whether to grant a motion for leave to file a sur-reply is within the discretion of the district court. *Jamison v. First Credit Servs., Inc.*, 290 F.R.D. 92, 110 n. 10 (N.D. Ill. 2013), *reconsideration denied,* 2013 WL 3872171 (N.D. Ill. July 29, 2013), citing *Johnny Blastoff, Inc. v. L.A. Rams,* 188 F.3d 427, 439 (7th Cir.1999). In some instances, allowing the filing of a sur-reply "vouchsafes the aggrieved party's right to be heard and provides the court with the information necessary to make an informed decision." *Jeffries v. Wells Fargo Bank, NA*, 2011 WL 5023396, *2 (N.D. Ill. Oct. 19, 2011), quoting *In re Sulfuric Acid Antitrust Litig.,* 231 F.R.D. 320, 329 (N.D. Ill. 2005); *see also Franek v. Walmart Stores, Inc.,* 2009 WL 674269, *19 n. 14 (N.D. Ill. Mar.13, 2009) (recognizing sur-reply might be appropriate "when a moving party 'sandbags' an adversary by raising new arguments in a reply brief"); *Sawyer v. Columbia Coll.*, 2010 WL 3081260, *1 n. 1 (N.D. Ill. Aug. 5, 2010) (granting leave to file sur-reply which "enables the Court to make more informed rulings on the pending motions"). "The decision to permit the filing of a surreply … should generally be allowed only for valid reasons, such as when the movant raises new arguments in a reply brief." *Williams v. Anthony*, 2012 WL 6680320, *2 (N.D. Ill. Dec. 21, 2012), quoting *Meraz–Camacho v. United States,* 417 F. App'x 558, 559 (7th Cir. 2011).

Plaintiff did indeed "sandbag" the Board by raising new arguments and "factual" allegations in her Reply. Specifically, Plaintiff did not raise the following arguments and/or "factual" allegations, among others, in the Motion: (1) her contention that the Board's counsel engaged in inappropriate conduct in other litigation while representing the Board (Reply at 1-3); (2) new "facts" concerning her conversations with Briljent (Reply at 4, 9); (3) her complaint about Board counsel's contact with a witness Plaintiff identified (Reply at 10-11); (4) her claim that Board counsel acted improperly by filing certain evidence in support of the Board's Response to the Motion (Reply at 12-13); and (5) her request that the Court sanction Board counsel for alleged discovery abuse, including the

exclusion of certain evidence the Board may offer. Plaintiff also attached to the Reply new evidence to which the Board has not had an opportunity to respond.

In waiting until her Reply to make these arguments, allege these "facts" and attach this evidence, Plaintiff deprived the Board of an opportunity to respond to them. The Court should grant this Motion for Leave because the Board and its counsel deserve a chance to respond to Plaintiff's new arguments, "facts" and evidence. *See Only The First, Ltd. v. Seiko Epson Corp.*, 822 F. Supp. 2d 767, 782 (N.D. Ill. 2011), citing *General Ins. Co. of Am. v. Clark Mali Corp.,* 2010 WL 807433, *4 (N.D. Ill. Mar. 10, 2010) (holding, "[t]o assure that the opponent of the motion is not deprived of a meaningful opportunity to respond to the arguments in support of the motion—which is the inevitable result of withholding arguments until the reply brief—a court must either invoke the waiver doctrine or allow the filing of a sur-reply").

Because the Board's counsel will be out of state from November 22-29, 2014, the Board requests ten (10) business days after the Court grants the requested leave in which to file a sur-reply. However, if leave is granted, the Board will make every effort to file the sur-reply before that deadline if it is possible to do so.

## CONCLUSION

The Board respectfully requests that the Court grant this Motion,[2] permit the Board to file a sur-reply to the Motion within ten (10) business days after the Court grants this Motion and award the Board all other relief to which it may be entitled.

---

[2] The Board attempted to confer with Plaintiff regarding the filing of this Motion, but has received no response to its email in that regard. Therefore, it is unknown whether Plaintiff opposes this Motion.

Respectfully submitted,

**BOARD OF EDUCATION OF THE CITY OF CHICAGO**

JAMES L. BEBLEY,
General Counsel

By: s/*Lisa A. Dreishmire*
Lisa A. Dreishmire
Senior Assistant General Counsel
Board of Education of the City of Chicago
Law Department
1 North Dearborn, Suite 950
Chicago, Illinois 60602
773-553-1700

## CERTIFICATE OF SERVICE

I certify that I caused this pleading to be served upon Plaintiff *pro se* by CM-ECF E-Filing pursuant to General Order on Electronic Case Filing, Section XI(C), on November 13, 2014.

s/*Lisa A. Dreishmire*
Lisa A. Dreishmire