FILED
NOV 17 2014
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOYCE HUTCHENS, | ) | |
| | ) | |
| HUTCHENS, | ) | Case No. 13-6447 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| | ) | |
| CITY OF CHICAGO | ) | |
| BOARD OF EDUCATION, | ) | Magistrate Judge Michael T. Mason |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION IN OPPOSITION OF DEFENDANT BOARD'S MOTION FOR LEAVE TO FILE SUR-REPLY OPPOSING PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT AND ADD LISA DREISHMIRE AS A DEFENDANT**

Pro Se Plaintiff JOYCE HUTCHENS, ("Plaintiff") files this Motion in Opposition of Defendant Board of Education of the City of Chicago's (the "Board") Motion for Leave to File Sur-Reply Opposing Plaintiff's Motion for Leave to Supplement Complaint and Add Lisa Dreishmire as a Defendant, (Docket #41) and states the following:

Defendant Counsel Dreishmire ("Dreishmire") states in her Motion that she attempted to "confer with Plaintiff regarding the filing of this Motion." Dreishmire's "attempt to confer" with Plaintiff consisted of sending an e-mail message to Plaintiff at 3:33 p.m. on Thursday, November 12, 2014, during which she specifically stated that "Judge Chang requires a party to ask the other side if they oppose a motion before filing it. Because time is of the essence, I will file the Motion if I do not hear from you by 4:30 p.m." (See attached **Exhibit "A"**). Dreishmire, therefore, provided Plaintiff only 57 minutes in which to read and respond to her e-mail message, as if Plaintiff has nothing else to do with her time but await and respond to Dreishmire's

correspondence. This practice has become habitual for Dreishmire when Plaintiff does not respond to her as quickly and in the manner Dreishmire obviously believes she should.

Sur-replies are heavily disfavored by courts," *Weems v. Hodnett, No. 10–CV–1452, 2011 WL 2731263, at \*1 (W.D. La. July 13, 2011)*, and leave to file them should be granted only in "exceptional or extraordinary circumstances*." Lacher v. West, 147 F.Supp.2d 538, 539 (N.D. Tex. 2001)*. "[I]t is proper to deny a motion for leave to file a sur-reply where the party fails to demonstrate exceptional or extraordinary circumstances warranting the relief sought." *Weems, 2011 WL 2731263, at \*1* (emphasis added)

Dreishmire has neither satisfied this burden that such "exceptional or extraordinary circumstances" are present here, nor can she. While attempting to make a case for the necessity of again burdening the Court and Plaintiff with details regarding Plaintiff's "scurrilous allegations about the Board's counsel" Dreishmire devotes much of the Defendants' proposed sur-reply alleging that Plaintiff's motion contains "new arguments" and alleges "new facts." Plaintiff's facts and arguments simply support Plaintiff's consistent claim that Dreishmire deliberately caused Plaintiff to lose her job with Briljent, LLC on October 7, 2014, by inappropriately and intentionally divulging information to Briljent of Plaintiff's two lawsuits against the Board.

Dreishmire contends that Plaintiff's "new facts" "include, but are not limited to, new allegations of misconduct by the Board's counsel, both in other litigation and concerning contact with [Plaintiff's] witness. However, Plaintiff's allegations regarding Dreishmire's alleged behavior in the "other litigation" Plaintiff references, is a matter of public record, and in support of Plaintiff's Motion, Plaintiff simply acquired and cited information contained in the public record, regarding another CPS case in which Dreishmire served as the attorney. Additionally, regarding Dreishmire's claim that Plaintiff presented new "facts" concerning Plaintiff's contact with Plaintiff's witness, as Plaintiff explained in her Motion, this action occurred immediately

2

following Plaintiff's October 26, 2014 motion hearing; therefore, it was impossible for Plaintiff to include it in her previous Motion. This action also supports Plaintiff's position that Dreishmire, whose behavior obviously is out of control, continues to engage in discovery abuse; hence, misconduct.

As also alleged by Dreishmire, Plaintiff is unaware of any exhibit she presented which is unrelated to details contained in her Motion. Plaintiff had enough exhibits with which to contend, and certainly had no time or interest in providing additional, unrelated exhibits to the Court.

Further, a sur-reply would simply provide Dreishmire with another opportunity to present more excuses and false statements, for as Plaintiff showed via court transcripts and other exhibits, in her motion opposing the Defendants' motion in opposition of Plaintiff's, this was the case with Dreishmire's response motion. Evidence does not make mistakes.

Dreishmire, incredulously, views the method she used to conduct discovery that led to the loss of Plaintiff's job, and during which divulging information regarding opposing litigants' job to their employers as "discovery typical in any employment case." Plaintiff, however, Plaintiff views this and any such strategy which results in the loss of a person's job as discovery abuse and misconduct., and again, assures Dreishmire that unless she changes her method of "typical discovery" Plaintiff guarantees that this will not be the last time she will "devote time" defending claims of misconduct by opposing litigants.

None of the relevant, time-consuming motions, about which Dreishmire has complained she must "devote her time," would have been necessary during the past six weeks (and counting) had Dreishmire exercised even a small dose of self-control and refrained from alerting Briljent to Plaintiff's lawsuits against the Board. Dreishmire was perfectly capable of securing the information she claims she needed, (which she previously had sought and had received a response from Briljent), without referencing Plaintiff's lawsuits. It was neither appropriate nor

was it necessary for Dreishmire to divulge this information to Briljent, and Dreishmire and the Board must be held accountable for Dreishmire's egregious behavior, which has interfered with the end of discovery. Now, Dreishmire wants to delay discovery by at least a few weeks, simply because she wants to have the last word.

The undisputed facts show that Dreishmire intentionally caused Plaintiff to lose her job, and Plaintiff remains unemployed because Dreishmire caused her to lose her job. Dreishmire's proposed sur-reply would clearly be nothing less than an attempt to continue to shift the blame to Plaintiff for intentionally sabotaging Plaintiff's livelihood, to divert attention from the *real* issue here, and her relentless desire to have the last word. These are insufficient reasons to permit a sur-reply and cause another unnecessary burden on Plaintiff and this Court.

Rather than providing Dreishmire with her much coveted forum to continue her finger pointing at Plaintiff for the loss of her own job and allowing her to continue her tired, woe-is-me rhetoric, the Court must hold Dreishmire and the Board accountable for the loss (again) of Plaintiff's livelihood. Because of Chicago taxpayers, Dreishmire and the Board can pay their bills, and because of Dreishmire and the Board, Plaintiff cannot pay hers. If filing a sur-reply would change that, or if it contained a remedy to compensate Plaintiff for the loss of her job, Dreishmire's proposed sur-reply would make sense. However, regardless of how many sur-replies the Defendants file to refute Plaintiff's reply, regardless of how many words the sur-reply contains, and regardless of the language contained in the sur-reply, Plaintiff has been rendered unemployed by Dreishmire and the Board. She, therefore, strongly opposes the Defendants' Motion for Leave to File a Sur-Reply Opposing Plaintiff's Motion for Leave to Supplement Complaint and Add Lisa Dreishmire as a Defendant.

4

## CONCLUSION

For the reasons set forth above, Defendant Board of Education's Motion for Leave to File a Sur-reply should be denied.

DATED: November 17, 2014

Respectfully submitted,

_____
Joyce Hutchens
Pro Se Plaintiff
1235 S. Prairie Avenue
Unit 1806
Chicago, IL 60605

## CERTIFICATE OF SERVICE

I, Joyce Hutchens, pro se Plaintiff in this matter, certify that I hand-delivered, **Plaintiff's Motion in Opposition of Defendant Board's Motion for Leave to File Sur-Reply Opposing Plaintiff's Motion for Leave to Supplement Complaint and Add Lisa Dreishmire as a Defendant,** to Lisa Dreishmire, Counsel, Chicago Board of Education for the City of Chicago, at 1 North Dearborn, Suite 950, Chicago, IL 60602, before 5:00 p.m. on November 17, 2014.

_____
Joyce Hutchens

5

| | |
|---|---|
| Subject: | Hutchens (13-6447): Board's Motion for Leave to File Sur-Reply |
| From: | Dreishmire, Lisa (ldreishmire@cps.edu) |
| To: | joyce.hutchens@att.net; |
| Date: | Thursday, November 13, 2014 3:33 PM |

Ms. Hutchens,

I am in receipt of your Reply in Support of your Motion for Leave to Supplement Complaint, which was delivered to the Board's offices today. Because you raise new arguments and "factual" allegations in the Reply, the Board intends to seek leave from the Court to file a Sur-Reply addressing the new matters.

Judge Chang requires a party to ask the other side if they oppose a motion before filing it. Please consider this my request to you in that regard. Because time is of the essence, I will file the Motion if I do not hear from you by 4:30 p.m.

Best,
Lisa

--
Lisa A. Dreishmire
Senior Assistant General Counsel
Board of Education of the City of Chicago
1 North Dearborn, Suite 950
Chicago, IL 60602
Direct Dial: (773) 553-1691
ldreishmire@cps.edu

Exhibit "A"