| | | | |
|---|---|---|---|
| JOYCE HUTCHENS, | ) | | |
| | ) | | |
| Plaintiff, | ) | No. 13 C 06447 | |
| | ) | | |
| v. | ) | | |
| | ) | Judge Edmond E. Chang | |
| CHICAGO BOARD OF EDUCATION, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## ORDER

Plaintiff Joyce Hutchens, proceeding *pro se* at this point, moves to supplement the complaint with five claims against the lawyer for the current defendant, the Chicago Board of Education. R. 33. Hutchens's first employment-discrimination suit against the Board is currently on appeal in the Seventh Circuit; this Court granted summary judgment for the Board in that case. In the current complaint here, Hutchens alleges that the Board retaliated against her by delaying or refusing to provide employment references and verifications of past employment, or by providing negative ones, to the entities to which Hutches has sought employment .

In the proposed Rule 15(d) supplement, Hutchens alleges that the Board lawyer who is defending this case, Lisa Dreishmire, has herself engaged in unlawful retaliation against Hutchens by interfering with Hutchens's independent-contractor relationship with a training-services firm, Briljent. Hutchens was hired by Briljent as a contractor to train Chicago Public Schools teacher on a web-based diagnostic and instructional program. R. 36 ¶ 51. Hutchens's contract was set to run from September to December 2014. *Id.* ¶ 52. But that all ended when, according to Hutchens, attorney Dreishmire mailed a letter requesting employment records relating to Hutchens. This October 2, 2014 letter was accompanied by an authorization, signed by Hutchens, to release employment records. *Id.* ¶ 58. The letter's subject line stated this case's name and case number, and also referred to the 2009 suit by number. 10/02/2014 Letter ("re:" line stating, "Hutchens v. Board of Education of the City of Chicago, 09-CV-07931 and 13-CV-06447, in the United

States District Court for the Northern District of Illinois, Eastern Division"). After receiving the letter, Briljent terminated Hutchens's contract, allegedly telling Hutchens specifically that the cause was the lawsuit against the Board. R. 36 ¶ 62.

The supplement alleges that Dreishmire and the Board intentionally interfered with Hutchens's contract (Count 3); retaliated again in violation of Title VII (Count 4); intentionally inflicted emotional distress (Count 5); retaliated in violation of 42 U.S.C. § 1981 (Count 6); and violated the Equal Protection Clause (Count 7). As a legal matter, the Board and Dreishmire object to the proposed supplement, arguing that no claim for relief is adequately stated because a litigation privilege applies to prevent turning a discovery dispute into separately actionable claims. R. 38. As a factual matter, Dreishmire explains that she sent identical records requests to the employers identified by Hutchens as sources of post-Board employment income (except for one employer that Hutchens asked Dreishmire to refrain from sending a letter). R. 38 at 4-5.

The Court agrees with the defense that the proposed supplement fails to state a claim, though the litigation privilege on which the defense relies is not necessarily as broad as the defense contends. The Seventh Circuit has expressed concern with adopting a broad, absolute privilege for any conduct occurring in discovery, because a broad privilege could undermine the anti-retaliation provision of Title VII. *Steffes v. Stepan Co.*, 144 F.3d 1070, 1074-75 (7th Cir. 1998). *Steffes* left open the possibility that some type of litigation conduct could comprise retaliation under Title VII. *Id.* at 1075. But *Steffes* was careful to emphasize how rare that would be: "We hasten to add, however, that it will be the rare case in which conduct occurring within the scope of litigation constitutes retaliation prohibited by" Title VII. *Id.* The Seventh Circuit relied on precedent holding that litigation tactics are generally dealt with under the discovery rules, not by additional lawsuits or claims. *Id.* at 1075-76 (citing *McKenzie v. Ill. Dep't of Transp.*, 92 F.3d 473, 486 (7th Cir. 1996); *see also Nieman v. Grange Mut. Ins. Co.*, No. 12-3250, 2013 WL 173466, at *3 (C.D. Ill. Jan. 16, 2013). *Steffes* went on to affirm the dismissal of a retaliation claim premised on a phone call from the former employer's human resources manager to the employee's new employer, during which the manager informed the new employer of the lawsuit. 144 F.3d at 1073-74. In affirming the dismissal, the Seventh Circuit relied on the fact that the "disclosure arose in the context of the discovery process," and was a "direct and natural consequence" of the employee's interrogatory response revealing the new employment. *Id.* at 1076.

So too here the supplemental complaint reveals that the records request and disclosure of the lawsuit was made in the context of discovery. The supplemental complaint attaches the October 2, 2014 letter, and on its face, the letter is part of engaging in discovery for this case. Post-employment income is relevant to mitigation of damages, and although sometimes it is appropriate to fashion damages-mitigation discovery in a way that does not reveal the lawsuit to a new employer, it is the general practice rather than the exception to allow taking discovery from the new employer (*Steffes* called it the "direct and natural consequence" of the employee identifying a post-employment position, 144 F.3d at 1076).

It is also worth noting that retaliatory intent is not plausible in these circumstances, where it is in the Board's interest (and thus Dreishmire's interest) that Hutchens mitigates any damages as much as possible. Hutchens attempts to increase the plausibility of retaliatory motive by arguing, in her reply brief, that Dreishmire has engaged in retaliation and discovery harassment of another *pro se* plaintiff against the Board, R. 43 at 1-2, contending that the other plaintiff filed a motion to remove Dreishmire as counsel. Implying that the motion was successful in forcing Dreishmire from the case—and thus implying that the motion had merit—Hutchens states, "Thereafter, Dreishmire withdrew from the case and was replaced by another Board attorney." R. 43 at 2.

The actual facts, revealed by the docket in the other case, show that Hutchens is wrong. In the other case, *Cunliffe v. Chicago Board of Education*, Case No. 12 C 06334, the plaintiff filed the motion to remove Dreishmire in November 2013. Far from being deemed meritorious, the motion was outright denied by the district judge on the recommendation of the magistrate judge. R. 107, 111. Indeed, the magistrate judge expressed the hope that Cunliffe "will consider carefully any further accusations lacking factual support against the professional reputation and integrity of Board Counsel." R. 107 at 2. This rejection of the challenge to Dreishmire's discovery conduct was in November 2013; it was not until April 2014, around four months later, that Dreishmire voluntarily withdraw because she was reducing her litigation caseload due to her promotion. R. 125 at 1. The Cunliffe case lends no support whatsoever to Hutchens's proposed supplemental complaint.

Accordingly, Hutchens's motion to file a supplemental complaint is denied. Nor are sanctions appropriate where post-employment income is at issue, as discussed above. In reviewing the motion and exhibits, however, the Court believes that additional notice to each other might prevent misunderstandings and also will

assist the *pro se* Plaintiff in dealing with discovery requests made by the Board on non-parties. Specifically, the Court expands the requirement of notice to the opposing side before making *any* non-party records request or request for a declaration from a non-party, even if no subpoena is used to obtain records or to obtain a declaration. Either party must give three business days' notice to the other side before making the records or declaration requests. Notice shall be served by e-mailing the notice to the e-mail address of record on the docket, and if the request is being made in writing, a copy of the written request must be attached to the e-mail. If the other side objects to the request within the three-business-day period, then the requesting party must not make the request until conferral over the objection, which must occur within another three business days of the objection. If the parties cannot resolve the dispute, then the objecting party must file a motion to quash within three business days of the conferral, and during the pendency of the motion, of course the request cannot be made. This notice requirement applies for the remainder of the litigation, including throughout discovery and, if no dispositive motion is filed or granted, throughout pretrial preparation and trial.

On a final note, it must be remarked that the tone of the parties' filings is not advancing this litigation. To take just one example on both sides, Hutchens accuses defense counsel of "hysterically" trying to intimidate Hutchens, R. 35 at 3, and meanwhile Dreishmire characterizes Hutchens as someone who "likes to blame lawyers for her troubles," R. 38 at 6. The Court understands why the parties are taking things personally: the plaintiff feels she was wronged and that, at the very least, the ongoing litigation is harming her employment prospects; the defense counsel has been accused of personally violating the law. But both Hutchens and defense counsel are professionals who should be able to recognize that no advantage is gained by increasing the animosity in the litigation. And neither the Court nor a jury will find either side more credible based on which side can be more spiteful in the adjectives or adverbs they employ against the other.

ENTERED:


     s/Edmond E. Chang

Honorable Edmond E. Chang
United States District Judge


DATE: December 7, 2014

4