
FILED
Dec 29 2014
DEC 2 9 2014

THOMAS G BRUTON
CLERK, U S DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOYCE HUTCHENS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 C 6447 |
| | ) | |
| v. | ) | Judge Edmond E. Chang |
| | ) | |
| CITY OF CHICAGO | ) | Magistrate Judge Michael T. Mason |
| BOARD OF EDUCATION, | ) | |
| | ) | |
| Defendants. | ) | |

### PRO SE PLAINTIFF'S REPLY TO DEFENDANT BOARD'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AND PROHIBIT USE OF DECLARATIONS

Pro se Plaintiff Joyce Hutchens, ("PLAINTIFF") files this Reply to Defendant Board's ("the Board") Response to Plaintiff's Motion to Compel and Prohibit Further and Complete Use of Declarations (Docket #65), and states as follows:

#### Introduction

The Board launched its response (@ p. 1, "Introduction) by complaining that Plaintiff failed to "confer" with the Board, as required by Local Rule 37, before filing her Motion to Compel. However, the Board was required to "confer" with Plaintiff *before* designating certain documents "Confidential." The parties' Protective Order requires the Board to contact Plaintiff before designating a document "Confidential," which, as it relates to this matter, are four e-mails, which is one of the issues Plaintiff raised in her motion. Paragraph 3(b) of the Protective Order specifically states:

> A party may designate a document as Confidential Information only after review
> of the document by an attorney or a party appearing pro se who has in good
> faith determined that the document contains Confidential Information as defined
> in this Order. **(See Exhibit "A)**

At no time did the Board's counsel, Lisa Dreishmire ("Dreishmire") contact Plaintiff in a good faith effort to review the e-mails, which Dreishmire created *before* Plaintiff filed her motion to compel. Paragraph 2 of the Protective Order also states the following:

> **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute, including under the Illinois Personnel Records Review Act, 820 ILCS 40/0.01, *et seq.*, the Illinois Freedom of Information Act, 5 ILCS 140/1, *et seq.*, as amended, and the Illinois School Student Records Act, 105 ILCS 10, *et seq.*; (b); information generated by the investigation of complaints of former or current Board employees that is found in personnel files, disciplinary files, grievance files, histories and other confidential information in the files; (c) any and all school documents or student records by which any current or former student of the Chicago Public Schools may be individually identified; (d) medical information concerning any individual; (e) personal identity information, including social security numbers, dates of birth, family information of current and former Board employees, and residential information of Board employees; (f) financial information, including income tax returns schedules and attachments; or (g) personnel or employment records of a person who is not a party to the case. Such information includes, but is not limited to, private information in personnel files, such as employment applications, performance evaluations, tax forms, requests for medical leave, disciplinary, financial, benefits, medical or other information that is of a sensitive or non-public nature regarding plaintiff, defendants, non-party witnesses, and non-party employees of the Board. (**See Exhibit "A"**)

The personal e-mails which Dreishmire used as a means to bond with Kallgren, solely for the purpose of inducing Kallgren to testify in a manner favorable to the Board, specifically, e-mail numbers 00600, (which Plaintiff inadvertently omitted when filing her Motion to Compel), 00602, 00604, and 00605, do not fall into any of the aforementioned categories.

Paragraph 2 of the Protective Order further states that "Information or documents that are available to the public may not be designated as Confidential Information." If Dreishmire wanted to communicate with Kallgren regarding personal matters, she should have used her own computer and personal e-mail address on her own time to do so. Instead, Dreishmire created

2

taxpayer funded e-mails on a taxpayer funded computer, used a taxpayer funded printer to print them on taxpayer funded stationery, and then inappropriately marked the e-mails "Confidential" so taxpayers could not be privy to how she used her taxpayer funded time and position to create a product which they are not allowed to see. Now, Dreishmire is complaining that Plaintiff did not "confer" with her after previously requesting sanctions for this against Plaintiff, a pro se litigant who knows far more about teaching boys and girls to read, write and speak properly, than she does legal procedures.

## A. The Board's Response to Plaintiff's Requests for Production in Hutchens II

As if it is illegal or improper for Plaintiff to question the ethics, appropriateness or legality of a former Board attorney providing negative references to Plaintiff's prospective employers after resigning and immediately securing no-bid contracts, Dreishmire, once again, has invoked the name of Sabrina Haake and argues (@ p 2, ¶ C) as follows:

> In the last 5 months, Plaintiff served the Board with six sets of Requests for Production.
> In the first set, she sought 23 categories of documents, including but not limited to
> multiple Categories of documents related to the relationship between the Board and
> Sabrina Haake (its counsel in *Hutchens I*) and/or the Board's awareness of an Attorney
> Registration and Disciplinary Commission (ARDC) complaint Plaintiff lodged against
> Ms. Haake.

As Dreishmire has shown via the Board's Exhibits "A" and "B", Plaintiff did, in fact, request documents related to Haake's Board employment and her subsequent contract and role as a vendor, and Plaintiff had, and continues to have every right to do so. Although Dreishmire objected to the release of any related documents to Plaintiff because, as she indicated it was for the "sole purpose of harassing a former Board attorney," Dreishmire is far off base. Moreover although Plaintiff requested documents related to (a) Board counsel Sunil Kumar's knowledge of Plaintiff's payroll fraud scheme, and (b) the Board's Employee Records employee, Gina Marlowe, who provided the employee verification to Kallgren, **(See Exhibit "B", ¶¶ 4, 9, 10 and**

3

18) (c) extensive document production concerning Plaintiff's former manager, Karen Cushing, and (d) the personnel file of Lily McDonough, whom Plaintiff also has implicated in the payroll fraud scheme, **(See Exhibit "C", ¶¶ 2-8)**, Dreishmire has not accused Plaintiff of attempting to "harass" either of them. Plaintiff's sole focus as it relates to the instant and her previous lawsuit against the Board, is to ensure that justice is served in both "Hutchens I and II."

During the period Haake served as opposing counsel in "Hutchens I," the negative references about which Plaintiff is complaining began. Because Haake either resigned or was terminated precisely during the course of the extensive ARDC investigation into Plaintiff's allegations, Plaintiff was attempting to establish a timeline as to when Haake's official employment ended with the Board, so Plaintiff could determine who, in the Board's Law Department, was providing negative reference information regarding Plaintiff.

Additionally, because the end of Haake's Board employment in 2011 appears to have coincided with the beginning of a two-year period during which Haake received several no-bid contracts, which reeks profusely of impropriety, Plaintiff also questioned whether Haake should have even been in a position to provide negative references to Plaintiff's prospective employers in the first place. The undisputed facts are that Plaintiff has been unable to acquire full-time employment since her 2009 layoff, Haake was the Board's attorney of record in Plaintiff's initial lawsuit, "Hutchens I," from the onset of the litigation until January 2013, and Plaintiff continued to receive either negative references, delayed or no employment verification information by the Board even after Haake was no longer the attorney of record in "Hutchens I."

Plaintiff neither challenged Dreishmire's objections to releasing information concerning Haake, nor has she issued additional document requests to the Board regarding Haake. Instead, Plaintiff located the information she needed in the Record on Appeal of "Hutchens I", which

4

shows that although Haake was the Board's counsel when what Plaintiff believes was a negative reference the Board provided to Truman Middle College and numerous other prospective employers between 2009-2012, Dreishmire was the Board's attorney of record when Plaintiff applied for employment and was rejected for what she steadfastly maintains was because of negative references provided to the other two third parties at issue, The Princeton Review and Safer Foundation. Also, based on Docket Entry No. 90, of the Record of Appeal of "Hutchens I," **(See Exhibit "D"),** Dreishmire was the Board's attorney of record when Sue Kallgren of Allison & Taylor contacted the Board in March 2013 to secure information regarding Plaintiff's employment, and documented her negative experience in a report and which she described in the e-mails she exchanged with Dreishmire, specifically CPS/HUTCHENS Doc. Nos. 00607 and 00632. **(See Docs. attached to Plaintiff's Motion to Compel)**

**B. The Board Is Correct that it Was Entitled to Contact Witness Sue Kallgren.**

Dreishmire's has presented (@ Section "D", p. 3, ¶ 1) numerous arguments as it relates to her communication with Sue Kallgren. However, if Plaintiff's allegation that Dreishmire "grossly undermined the legal process by tampering and interfering with the testimony of Plaintiff's witness," has been rejected, it begs the rhetorical question, why is much of Dreishmire's surreptitiously created information about which Plaintiff complained, inaccessible for public viewing? Further, Plaintiff clearly stated in her Motion to Compel (at ¶ 2) that Allison & Taylor is a reference checking/employment verification company which Plaintiff hired in 2013 to conduct an employment verification check of her past employment. Plaintiff did not claim that Allison & Taylor was a prospective employer. Plaintiff's statement that she "hired" Allison & Taylor to conduct the reference check clearly indicates it was a "test" check, for had

Allison & Taylor been an employer, the company most likely would not have required Plaintiff to pay for her own reference check or background check.

Plaintiff has never contended that Dreishmire had no right to contact Kallgren. The specific issues Plaintiff raised were (a) As clearly evidenced by Dreishmire's September 29, 2014 letter to Plaintiff, (attached as Exhibit "A" with Plaintiff's Motion to Compel, Doc. # 51), Dreishmire informed Plaintiff she intended to depose Kallgren, during which Plaintiff would have been present. (b) As Plaintiff awaited information from Dreishmire regarding the date Dreishmire would depose Kallgren, without notifying Plaintiff there would be no deposition, Dreishmire instead created a declaration—three in fact, of which Plaintiff was entirely unaware,. (c) Plaintiff learned from Kallgren of the declaration on October 24, 2014, which was precisely three weeks after Dreishmire's initial contact with Kallgren, which she indicates (@ p. 2, Section D, ¶ 2) was October 3, 2014. Regardless of whether or not Kallgren "expressed a preference for a declaration, rather than a subpoena," Kallgren should not have had to inform Plaintiff of the declarations. It was Dreishmire's duty to do so when it was clear that no deposition would take place, and instead, a declaration would be created.

Dreishmire further argues (@ Section A, ¶ 1) that Plaintiff's accusations are false that Dreishmire altered the dates on two of the declarations. Dreishmire's excuse in this regard is as predictable as it is unpersuasive. If Dreishmire was cognizant of the need to create an automatic date update, she also was cognizant that it was necessary to ensure the date should reflect when it was created. Based on e-mail No. 00586, which was dated October 16, 2014, Dreishmire sent Kallgren a draft of the declaration. Kallgren's response on October 20, 2014, that (e-mail No 00607) that "I *still* feel this is a negative report..."clearly implies that there was a declaration created prior to October 16, 2014 or a declaration created between the October 16-20

6

communication between the two. As it relates to Dreishmire's contention that she did not attempt to "hide" the actual dates on the declaration, there was simply no way for Dreishmire to "hide" information contained in the e-mails. The October 24, 214 declaration appears to be what now is the October 27, 2014 declaration. However, the declarations Dreishmire sent to Kallgren on October 16 and October 20, 2014 should be produced to Plaintiff containing the dates on which they were created, as well as the declaration which led Kallgren to complain that she "still" thought the report was negative.

### C. Dreishmire Claims Plaintiff Falsely Accused Her of Impropriety Related to Kallgren.

Dreishmire's contention (@ p. 5, Section B, ¶ 1) that Plaintiff implied Dreishmire acted inappropriately by not first discussing with Plaintiff that Kallgren was considering signing a declaration, is correct. Plaintiff also views Dreishmire's actions as manipulative and cunning. If Dreishmire had had a good faith basis for creating the declaration with Kallgren, she would have informed Plaintiff prior to drafting the documents, and she also would not have designated certain personal e-mails she exchanged with Kallgren "Confidential."

Dreishmire refutes Plaintiff's claim (@ p. 4, footnote No. 1) that she informed Kallgren that Plaintiff "chose not to obtain an attorney." These are not Plaintiff's words. Plaintiff merely conveyed Kallgren's October 24, 2014 written and spoken messages, that is, the e-mail message (See Exhibit "E" attached to Plaintiff's Motion to Compel) wherein Kallgren stated such, two telephone voicemail messages Kallgren left for Plaintiff on her home and cell phones the same day, (one of which Plaintiff has maintained), during which Kallgren stated the same, and during a telephone conversation wherein Kallgren again expressed to Plaintiff that Dreishmire had informed her Plaintiff "chose not to obtain an attorney."

Dreishmire also asserts (@ Section B, p. 5, ¶ 2) that Plaintiff "suggests" that Dreishmire influenced Kallgren to "testify falsely or in a manner which would contradict, nullify or undermine the information contained in the reference report" Kallgren created for Plaintiff in 2013. This is not a claim Plaintiff has concocted. This is a "statement" which Plaintiff steadfastly maintains, and is supported by Kallgren's e-mail messages. **(See Doc. e-mail CPS/HUTCHENS 00607, attached to Plaintiff's Motion to Compel)** which is attached to Plaintiff's Motion to Compel shows that Kallgren stated" "I still feel it is a negative report and want to reflect so in the information sent to you" However, Dreishmire did not honor Kallgren's request in either of the three declarations. In the very next sentence, Kallgren further stated, "Also, where it says Ms. Hutchens did not lose employment over this report, I don't want to agree with that." These clearly are inducements by *any* standard.

Dreishmire also states (@ p. 6, ¶ 1) that "Plaintiff further claims, without evidence that Ms. Kallgren was "uncomfortable" speaking with Board counsel about her declaration. Plaintiff was basing her statement in this regard on Kallgren's behavior and specifically the language and tone of voice she used when contacting Plaintiff to inform her of the declaration on October 24, 2014, a conversation to which Dreishmire was not privy. Moreover, that Kallgren called Plaintiff in the first place and informed her of the declaration after collaborating for three weeks with Dreishmire, without Plaintiff's knowledge, is illustrative of her discomfort. Finally, the "evidence" also can be found in e-mail message No. 00636, Kallgren's October 24, 2014 e-mail message to Dreishmire (the same day on which she e-mailed, sent a voicemail message and had a telephone conversation with Plaintiff) when Kallgren informed Dreishmire she had the "flu" and was "just not up to talking." During her conversation earlier that day with Plaintiff, Kallgren showed no evidence of and never mentioned having the flu. Yet only hours later, when she was

expected to communicate with Dreishmire, she had the "flu" and was not "up to talking" with Dreishmire. When combining these factors, one can surmise that Kallgren had become uncomfortable with what was occurring with the declarations and her role in creating them.

Next, Dreishmire argues that "Plaintiff contends, again without evidentiary support, that Board counsel significantly harmed the business relationship and trust between Plaintiff and [Ms.] Kallgren," and Dreishmire cites as evidence Kallgren's October 24, 2014 phone calls and e-mails to Plaintiff, during which, according to Dreishmire, Kallgren sought and obtained Plaintiff's permission to speak with Board counsel and later provided Plaintiff with a copy of the signed declaration at Plaintiff's request." Dreishmire fails to mention that it took Kallgren three entire weeks to contact Plaintiff for permission to speak with Dreishmire. As Plaintiff previously noted, Kallgren contacted her on October 24, 2014 and as indicated by Kallgren's e-mail to Plaintiff, Kallgren falsely claimed that Dreishmire had subpoenaed her to speak with Dreishmire. **(See Exhibit E attached to Plaintiff's Motion to Compel.)** As Dreishmire noted (@ p. 2, Section D, ¶ 2**)**, her initial contact with Kallgren was October 3, 2014. Moreover, when Kallgren spoke with Plaintiff, she implied that the communication between her and Dreishmire had just begun. Plaintiff was, therefore, shocked when she received the extensive e-mails between the two, and after reading the e-mail exchanges, particularly, the four "confidential" e-mails, and CPS/HUTCHENS 00672, which shows Kallgren immediately informed Dreishmire that Plaintiff had requested that Kallgren send her a copy of the declaration, Plaintiff lost complete trust in Kallgren and Allison & Taylor. Further, because of Kallgren's vague response to Plaintiff's e-mail message, Plaintiff became suspicious of the communication between Kallgren and Dreishmire, as illustrated by **Exhibit "E."**

Additionally, although Plaintiff was Allison & Taylor's client, when Plaintiff sent an e-mail to Kallgren on July 25, 2014 during which Plaintiff requested that Allison & Taylor create an affidavit for her, Kallgren immediately forwarded the request to Shane, who then contacted Plaintiff by telephone to discuss the procedures and cost for Allison & Taylor's attorney to create an affidavit. **(See Exhibit "F")** This begs the questions, (a) why did Kallgren not forward Dreishmire's request to Shane, and (b) Did Allison & Taylor charge Dreishmire for this service, as they were prepared to charge Plaintiff?

Also, disturbingly, an 18 page e-mail exchange between Flores, Kallgren and Shane, which occurred between May and June 2014, but which Plaintiff received from the Board on December 22, 2014, (after Plaintiff issued the subpoena to Allison & Taylor), shows six pages of heavily redacted communication between Flores and the Board's paralegal, Jill Dahlke, including entire Subject lines, which Dreishmire contends are "so [Plaintiff] can see the non-privileged emails in context." **(See Exhibit "G" Doc. Nos. CPS/HUTCHENS 00876-00892).** Plaintiff was unaware of this communication, and caused her to question Allison & Taylor's relationship with the Board.

Finally, Plaintiff recently issued a subpoena to Allison & Taylor requesting, among other documents, all e-mail exchanges between Kallgren and Dreishmire. **(See Exhibit "H")** Shane's responsive documents to Plaintiff included the October 24, 2014 declaration and the initial report created by Kallgren. Shane, refused to produce, as Plaintiff requested, a single e-mail exchanged between Kallgren and Dreishmire. Therefore, with the exception of any purpose Plaintiff has for contacting Allison & Taylor during the instant litigation, Plaintiff's business relationship with Allison & Taylor has therefore ended permanently, and Plaintiff will file in January 2015, a motion to compel Allison & Taylor to produce the remaining responsive documents.

## D. The Board's Production of Documents Related Communication Between Kallgren and Dreishmire

The Board contends (@ Section C, p.7) that the documents Plaintiff demands (1) have already been produced or are not in the Board's possession; (2) are not responsive to any discovery request at issue; (3) are privileged; and (4) are not reasonably calculated to lead to the discovery of admissible evidence and infringes upon the privacy interests of an individual who is not a party to this litigation. Moreover, Ms. Kallgren's declaration is fully admissible and the Board did nothing wrong in procuring it.

Dreishmire's claim (@ Section C, pp. 2-3), that the Board is "not responsive to any discovery request at issue, and has not served any Requests for Production "encompassing such communication," is false. In Plaintiff's First Request for Documents, which Plaintiff issued to the Board on July 28, 2014, Plaintiff specifically requested the following:

Any and all documents, forms, reports, records, notes and/or things related to any verification of employment or reference information the Defendant received from any individual, company or other entity concerning Plaintiff between June 2009 and the present.

All documents, forms, reports, records, notes and/or things related to any verification of employment or reference information the Defendant released to any individual, company or other entity seeking employee verification or reference information for Plaintiff between June 2009, up to and including the present. **(See Exhibit "B," ¶¶'s 1 and 2.)**

Additionally, the drafts and final copy of the declaration Plaintiff requested, **(See Doc. No. CPS/HUTCHENS Doc. No. 00586 attached to Plaintiff's Motion to Compel)** show that Allison & Taylor Docs. pdf (708K) was transmitted by Kallgren as an attachment. However, there was no such attachment which accompanied the e-mails, and if Dreishmire believed the e-mails were "responsive documents," attachments to the e-mails also were responsive.

Dreishmire also indicated (@ p. 8, ¶ 2) that her communication with Kallgren prior to October 16, 2014 was by telephone, she has no audio of the telephone calls, and she should is entitled to keep the notes she created private. Telephone logs generally are not equipped with

11

audio. However, the telephone logs are made of paper, and Dreishmire should produce them to Plaintiff. Further, despite Dreishmire's arguments concerning her notes, Dreishmire should produce the notes since (a) she failed to notify Plaintiff before contacting her, and (b) since she deprived Plaintiff of an opportunity to be present while the declaration was being created, as Plaintiff would have been present during Kallgren's deposition

### E. The Board Contends that Plaintiff's Claims that the Board has Withheld Other Third Party Documents is False

The Board also claims (@ Section C, p. 3, ¶ 1,) that it has produced all documents and communication between Truman Middle College (Chicago City Colleges) and The Princeton Review, as Plaintiff also raised those issues in her Motion to Compel (@ pp. 20-22). After filing its December 19, 2014 response to Plaintiff's Motion to Compel, Plaintiff received (on December 22, 2014) the Board's supplemental document production which included, but was not limited to Plaintiff's discovery requests and documents which Plaintiff did not request, as she did not know they existed.

Because Plaintiff observed in the Board's subpoenas to Chicago City Colleges and The Princeton Review that the Board had requested e-mails and other documents which Plaintiff did not receive from the Board, Plaintiff raised this issue in her Motion to Compel (at pp. 20-22). When Plaintiff issued her own subpoena to the two parties and requested the same information the Board had requested, Plaintiff received the requested e-mails from City Colleges. Thereafter, Plaintiff received the Board's most recent supplemental production on December 22, 2014, which included documents she had not initially received from the Board, but which the Board obviously had received from City Colleges. Plaintiff is awaiting the Princeton Review's response to her own subpoena in this regard.

Additionally, shortly after leaving the December 8, 2014 court status hearing, Plaintiff was copied on an e-mail from Dreishmire to City Colleges counsel, Alexandra Relias, three days earlier wherein Dreishmire had instructed Relias not to respond to a November 21, 2014 subpoena Plaintiff had issued to City Colleges. Dreishmire was now informing Relias that the Court had overruled her, and City Colleges had her permission to respond to Plaintiff's subpoena. **(See Exhibit "I")**. Also, because of Plaintiff's own investigation regarding a background and employment verification information City Colleges received from CertifiedBackground.com, (also known as Castle Branch, Inc.), Plaintiff has learned that City College s has (a) either failed to disclose complete discovery requests to both Plaintiff's own subpoena and the Board's subpoena, or (b) Plaintiff still has not received full discovery requests from the Board. Plaintiff has indisputable evidence that City Colleges has in its possession additional documents which represent a more extensive background report concerning Plaintiff's employment with Truman Middle College than City Colleges has released to Plaintiff. Plaintiff has neither received the full background check document from City Colleges in response to her document requests to the Board, nor has Plaintiff received the documents from City Colleges in response to Plaintiff's subpoena. Plaintiff will, therefore file a motion compelling City Colleges to produce the entire set of documents related to Plaintiff's background check, and other documents to which City Colleges objected when responding to Plaintiff's subpoena. Plaintiff also will subpoena or file a motion compelling CertifiedBackground.com (Castle Branch, Inc.), to produce its entire background report concerning Plaintiff's employment history

## F. Dreishmire Explains Why the Board's Withheld Documents Plaintiff Requested for the Board's OIG and Denies Withholding Documents from the Cook County State's Attorney

The issue regarding Plaintiff's request for documents from the Board's OIG has been

resolved for now. However, apparently, Dreishmire also had instructed the State's Attorney's Office to ignore Plaintiff's November 21, 2014 subpoena to the Cook County State's Attorney. Minutes after leaving the December 8, 2014 status hearing, Plaintiff received a telephone call from Assistant State's Attorney, Jayman Avery, who asked Plaintiff not to file a motion to compel the State's Attorney to produce documents Plaintiff requested in the subpoena Plaintiff also issued to the State's Attorney on November 21, 2014, as Avery indicated he had just spoken with "the Board's attorney, and would respond to [Plaintiff's] subpoena as soon as possible."

## G. Dreishmire Withheld From Plaintiff Communications She Sent to City Colleges and the Cook County State's Attorney, Instructing Them to Ignore Plaintiff's Subpoena

Until Plaintiff received a copy of the e-mail message to City Colleges counsel, A. Relias on December 8, 2014, instructing Relias to ignore Plaintiff's subpoena, and until she received the telephone call from Jaymen Avery of the Cook County State's Attorney's office, also on December 8, 2013, Plaintiff was unaware that Dreishmire had contacted the two parties, as Dreishmire did not copy Plaintiff on either e-mail when she instructed Relias and the State's Attorney's Office not to respond to Plaintiff's subpoenas. Given all of the aforementioned facts regarding City Colleges and the State's Attorney's Office, Dreishmire's claims are frivolous and false that Plaintiff's "allegations that she has withheld documents, are frivolous and false."

## H. The Board Continues to Object to Plaintiff's Request for Documents Regarding Her Former Colleague.

An issue in the instant litigation is that during "Hutchens I," Plaintiff discovered a payroll fraud scheme wherein Deborah Glowacki was being paid more than $21,000 annually than what her salary should have been. Board attorneys have been aware of this scheme since it was exposed by Plaintiff's former counsel in 2010, but did nothing. The Board's contention that "the details of Ms. Glowacki's Board employment are not relevant to Plaintiff's claims in this case,"

is absurd. But for Glowacki's employment, which allowed the fraud to occur in the first place, there would be no Whistle Blower claim in this litigation. The Board describes Glowacki as an "innocent third party not involved in this litigation." That also is absurd. Regardless of whether Glowacki is directly involved in this litigation, she has benefitted during her employment for more than four years from a payroll fraud scheme, and is, therefore, "innocent" to the tune of more than $110,000 as a result of this scheme. Despite the scheme, Glowacki remains a CPS employee, while Plaintiff remains unemployed because of the Board's discrimination and retaliation against her. Glowacki is a public employee whose fraudulent salary is linked to this litigation and Plaintiff is securing information to use for summary judgment and trial. Glowacki's personnel file holds evidence which will support Plaintiff's Whistle Blower claim in this regard. The Board must, therefore, make Glowacki's personnel file available to Plaintiff.

## Conclusion

Plaintiff respectfully requests that this Court directs Defendants' Counsel Dreishmire and the Defendants to produce to Plaintiff *all* e-mail messages, notes, telephone logs and other documents identified in her Motion to Compel and this reply. Also, because Dreishmire's declarations were created without Plaintiff's knowledge and input, and clearly were created as a result of deceit, inducement and manipulation, Plaintiff respectfully requests that this Court prohibit the Board from using either of the three declarations during this litigation.

Respectfully submitted,

Joyce Hutchens
Pro se Plaintiff,
1236 S. Prairie Avenue, Unit 1806
Chicago, IL 60605
312-316-4099

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOYCE HUTCHENS, )
)
          Plaintiff )    Case No. 13 C 6447
)
      v. )    Judge Edmond E. Chang
)
CITY OF CHICAGO BOARD OF )
EDUCATION, )    Magistrate Judge Michael T. Mason
)
          Defendant. )

## PARTIES' AGREED CONFIDENTIALITY ORDER

The parties to this Agreed Confidentiality Order, Plaintiff Joyce Hutchens, *pro se*, Defendant Board of Education of the City of Chicago ("the Board"), by its attorneys, General Counsel James L. Bebley and Assistant General Counsel Brian J. Flores have agreed to the terms of this Order. Accordingly, it is ORDERED:

    **1. Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. Nothing in this Order affects Board of Education employees who are responsible for maintaining such documents and/or records in the ordinary course of the Board's business, with respect to documents already in that employee's possession, custody or control irrespective of this litigation. Nothing in this Order absolves any party of any applicable document retention requirements.


PLAINTIFF'S EXHIBIT
A
Blumberg No. 5113

2. **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute, including under the Illinois Personnel Records Review Act, 820 ILCS 40/0.01, *et seq.*, the Illinois Freedom of Information Act, 5 ILCS 140/1, *et seq.*, as amended, and the Illinois School Student Records Act, 105 ILCS 10, *et seq.*; (b); information generated by the investigation of complaints of former or current Board employees that is found in personnel files, disciplinary files, grievance files, histories and other confidential information in the files; (c) any and all school documents or student records by which any current or former student of the Chicago Public Schools may be individually identified; (d) medical information concerning any individual; (e) personal identity information, including social security numbers, dates of birth, family information of current and former Board employees, and residential information of Board employees; (f) financial information, including income tax returns schedules and attachments; or (g) personnel or employment records of a person who is not a party to the case. Such information includes, but is not limited to, private information in personnel files, such as employment applications, performance evaluations, tax forms, requests for medical leave, disciplinary, financial, benefits, medical or other information that is of a sensitive or non-public nature regarding plaintiff, defendants, non-party witnesses, and non-party employees of the Board. Information or documents that are available to the public may not be designated as Confidential Information. Nothing in this order shall prevent parties from redacting certain identifying information, such as social security numbers and dates of birth, prior to production.

### 3. Designation.

(a) A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b) A party may designate a document as Confidential Information only after review of the document by an attorney or a party appearing pro se who has in good faith determined that the document contains Confidential Information as defined in this Order.

### 4. Depositions.

Deposition testimony is protected by this Order only if designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the record at the time the testimony is taken. Such designation shall be specific as to the portions that contain Confidential Information. To protect

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JOYCE HUTCHENS,

          Plaintiff,

v.

CITY OF CHICAGO
BOARD OF EDUCATION,

          Defendants.

Case No. 13 C 6447

Judge Edmond E. Chang

Magistrate Judge Michael T. Mason

## PLAINTIFF'S FIRST REQUEST
## FOR PRODUCTION OF DOCUMENTS

Pro Se Plaintiff JOYCE HUTCHENS ("Plaintiff"), pursuant to Rule 34 of the Federal Rules of Civil Procedure, submits a Request for Production of Documents upon the Defendant, to be responded to within thirty (30) days after date of service, at 1235 S. Prairie Avenue, Unit 1806, Chicago, Illinois 60605.

## INSTRUCTIONS FOR ANSWERING

1.      Defendant is required, in responding to this request, to obtain and furnish all documents and information available to defendant and any of defendant's representatives, employees, agents, brokers, servants, or attorneys and to obtain and furnish all information that is in defendant's possession or under the control of any of defendant's representatives, employees, agents, servants, or attorneys.

2.      Each request which seeks information relating in any way to communications to, from, or within a business and/or corporate entity, is hereby designated to demand, and should be construed to include, all communications by and between representatives, employees, agents, brokers and/or servants of the business and/or corporate entity.

3.      Each request should be responded to separately. However, a document which is the response to more than one request may, if the relevant portion is marked or indexed, be produced and referred to in a later response.

4.      All documents produced shall be segregated and identified by the request to which they are primarily responsive. Where required by a particular paragraph of this Request, documents produced shall be further segregated and identified as indicated in this paragraph. For any documents that are stored or maintained in files in the normal course of business, such documents shall be produced in such files, or in such a manner as to preserve and identify the file from which such documents were taken.

1



PLAINTIFF'S EXHIBIT B

Blumberg No. 5119

## REQUESTS

1. All documents, handbook pages, copies of statements or things concerning the Defendant's policies and procedures related to verification of employment of former and current employees during the period between 2009 and present.

2. All documents, forms, reports, records, notes and/or things related to any verification of employment or reference the Defendant received from any individual, company or other entity concerning Plaintiff between June 2009, up to and including the present.

3. All documents, forms, reports, records, notes and/or things related to any verification of employment or reference information the Defendant released to any individual, company or other entity seeking employee verification or reference information for Plaintiff between June 2009, up to and including the present.

4. Any and all documents, letters, e-mails or other things between Sabrina L. Haake and/or any member of the Chicago Board of Education's Law Department and Gina Marlowe, "Maria" and/or any other member of the Employee Records Department regarding Plaintiff and/or releasing employment verification and/or reference information regarding Plaintiff.

5. Plaintiff requests that the Defendant print and produce the computerized or electronic information which appears on select screens of Chicago Public Schools employees who provide employee verification and/or reference information and instructs those employees to contact the Chicago Public Schools' Law Department before releasing any information, including but not limited to employee verifications or reference information regarding Plaintiff.

6. All pages contained between January 1, 2013 and June 30, 2013 in the same spiral notebook of "Maria" or the person who released CPS Bates Stamp Number 165, which references the spiral notebook page containing notes regarding the March 29, 2013 faxed employment verification form from Allison & Taylor. If the spiral notebook pages are not sequenced by dates, Plaintiff requests all pages contained in the notebook which precedes the page referenced as CPS Bates Stamped Document 165 and the 10 pages following that page.

7. Any and all documents the Defendant received from the U.S. EEOC Office, in response to Plaintiff's EEOC Charge Number 440-2013-03039.

8. Any and all documents the Defendant submitted to the U.S. EEOC Office, including, but not limited to, a Position Statement or Affidavit, in response to Plaintiff's EEOC Charge Number 440-2013-03039..

9. Any and all documents, e-mails, notes or things constituting, documenting, or referencing any oral or written communication Defendant's counsel, Sunil Kumar, and Defendant's former counsel, Sabrina Haake submitted, to or received from any person in response to Plaintiff's Document Stamped Number 039, in which Plaintiff's former counsel Deidre Baumann notified Mr. Kumar and Ms. Haake via e-mail of Plaintiff's allegations of a payroll fraud scheme by Chicago Board of Education employees.

10.     All records, reports or other documents evidencing any investigation conducted by Sunil Kumar, Sabrina Haake, or any member(s) of the Chicago Board of Education's Law Department, in response to Plaintiff's Document Stamped Number 039, in which Plaintiff's former counsel Deidre Baumann notified Mr. Kumar and Ms. Haake via e-mail of Plaintiff's allegations of payroll fraud.

11.     Documents regarding any investigation the Defendants launched or conducted to determine the veracity of Plaintiff's allegation regarding the payroll fraud scheme after Plaintiff notified the Chicago Board of Education's inspector general, the Illinois State's Attorney and filed the instant litigation.

12.     Sabrina Haake's Letter of Resignation or other documents indicating her separation date as a full-time employee from the Chicago Board of Education.

13..    Documents evidencing Sabrina L. Haake's final date as a vendor, contractor, consultant or supplier for the Chicago Board of Education.

14.     The bulletin, announcement, contract award or report of the Defendant's general counsel authorizing continued retention of the Law Office of Sabrina L. Haake in conjunction with the $64,186.00 payment Ms. Haake received for fiscal year ending June 30, 2014, which is referenced on Page 2, Item 2868, of Plaintiff's Document Stamped Number ____.

15.     Copies of all documents Sabrina L. Haake submitted to the Defendant's Office of Purchasing or Procurement and Contracts, or any related ,office of the Defendant in conjunction with her establishing a business relationship with the Chicago Public Schools. Such documents include, but are not limited to Ms. Haake's vendor number, vendor questionnaire, vendor application, city (Assumed Name) and/or Illinois Secretary of State business registration or license, WBE, DBE or MBE designations or certifications.

16.     Any and all documents, notes, letters or other things the Defendant submitted to the Chicago Board of Education's Inspector General and the Illinois State's Attorney's office in an effort to acquire information regarding Plaintiff's January 2013 letters to both alleging a payroll fraud scheme by Chicago Public Schools employees.

17.     Any and all documents, notes, correspondence or other things the Defendant received from the Chicago Board of Education's Inspector General and the Illinois State's Attorney's office in response to Plaintiff's January 2013 letters to both alleging a payroll fraud scheme by Chicago Public Schools employees.

18.     Notes, documents, papers, investigative reports or things Gina Marlow prepared when "conducting research" as alleged by Maria of the Chicago Board of Education's Employee Records Department, and as referenced in Plaintiff's Document Number 004, the report created by and issued to Plaintiff by Allison & Taylor, (4/10/2013 notation).

19.     Any and all documents stating the Chicago Board of Education's/Chicago Public Schools' policy or procedures regarding employees doing business with the Chicago Board of Education/Chicago Public Schools after resigning, retiring, being terminated or any other form of separation from the school district.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JOYCE HUTCHENS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 C 6447 |
| | ) | |
| v. | ) | Judge Edmond E. Chang |
| | ) | |
| CITY OF CHICAGO | ) | Magistrate Judge Michael T. Mason |
| BOARD OF EDUCATION, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S SECOND REQUEST
## FOR PRODUCTION OF DOCUMENTS

Pro Se Plaintiff JOYCE HUTCHENS ("Plaintiff"), pursuant to Rule 34 of the Federal Rules of Civil Procedure, submits a Request for Production of Documents upon the Defendant, to be responded to within thirty (30) days after date of service, at 1235 S. Prairie Avenue, Unit 1806, Chicago, Illinois 60605.

## INSTRUCTIONS FOR ANSWERING

1.      Defendant is required, in responding to this request, to obtain and furnish all documents and information available to defendant and any of defendant's representatives, employees, agents, brokers, servants, or attorneys and to obtain and furnish all information that is in defendant's possession or under the control of any of defendant's representatives, employees, agents, servants, or attorneys.

2.      Each request which seeks information relating in any way to communications to, from, or within a business and/or corporate entity, is hereby designated to demand, and should be construed to include, all communications by and between representatives, employees, agents, brokers and/or servants of the business and/or corporate entity.

3.      Each request should be responded to separately. However, a document which is the response to more than one request may, if the relevant portion is marked or indexed, be produced and referred to in a later response.

4.      All documents produced shall be segregated and identified by the request to which they are primarily responsive. Where required by a particular paragraph of this Request, documents produced shall be further segregated and identified as indicated in this paragraph. For any documents that are stored or maintained in files in the normal course of business, such documents shall be produced in such files, or in such a manner as to preserve and identify the file from which such documents were taken.



PLAINTIFF'S EXHIBIT C

Blumberg No. 5113

20.    "Things" are objects that one need not, cannot, or do not wish to give specific names to.

## REQUESTS

1.  Personnel file of Deborah Glowacki. If the resume and cover letter Deborah Glowacki submitted for the position of Curriculum Facilitator in response to Bulletin Number 111 in October 2008 are not contained in Glowacki's personnel file, Plaintiff also requests these documents.

2.  Personnel file of Lily McDonagh.  If the resumes and cover letters Lily McDonagh submitted for **each and every** position she has held since becoming employed with the Chicago Public Schools are not contained in her personnel file, Plaintiff also requests these documents.

3.  The resume and cover letter Karen Cushing submitted for Position Number 391081, **CTE Curriculum Specialist**, referenced in Plaintiff's Document Stamped Numbers 138 and 142 (Date created November 5, 2009)

4.  Position description and job announcement for Position Number 391081, **CTE Curriculum Specialist**, referenced in Plaintiff's Document Stamped Numbers 138 and 142.

5.  Resume and cover letter Karen Cushing submitted in response to Position Number 391081, referenced in Plaintiff's Document Stamped Numbers 138 and 142.

6.  Position description for Position Number 391081, **Curriculum Facilitator**, referenced in Plaintiff's Document Stamped Number 143.   (Date created November 9, 2009)

7.  Any and all documents or reports providing the reason(s) or rationale for the change in Cushing's job titles, (but not position numbers), during the four-day period between November 5, 2009 and November 9, 2009.

8.  Resume and cover letter Karen Cushing submitted in response to Position Number 385927, referenced in Plaintiff's Document Stamped Number 139.

9.  Position description and job announcement for Position Number 385927, referenced in Plaintiff's Document Stamped Number 139.

10. Chicago Public Schools' "Job Code File in Job Code Order" pages containing information regarding Job Codes 391081 and 385927. (See Example, Plaintiff's Document Stamped Numbers 144 and 145).

Respectfully submitted,

Joyce Hutchens

Joyce Hutchens
Pro Se Plaintiff
1235 S. Prairie Avenue, Unit 1806
Chicago, IL  60605
312-316-4099

| | | |
|---|---|---|
| | | ~~at 08:30 AM. (Haake, Sabrina) (Entered: 10/17/2012)~~ |
| 10/29/2012 | 86 | MINUTE entry before Honorable Edmond E. Chang: Motion of attorney Patrick Rocks to withdraw 84 is granted. Plaintiff's motion to alter judgment 77 is now under advisement. Status hearing of 10/30/12 is reset to 01/16/13 at 8:30 a.m. Mailed notice (slb, ) (Entered: 10/29/2012) |
| 01/04/2013 | 87 | ~~ATTORNEY Appearance for Defendant Amanda Rivera by Lisa A. Dreishmire (Dreishmire, Lisa) (Entered: 01/04/2013)~~ |
| 01/09/2013 | 88 | MOTION by Defendant Amanda Rivera to substitute attorney *Haake with attorney Dreshmire* (Dreishmire, Lisa) (Entered: 01/09/2013) |
| 01/09/2013 | 89 | NOTICE of Motion by Lisa A. Dreishmire for presentment of motion to substitute attorney 88 before Honorable Edmond E. Chang on 1/16/2013 at 08:30 AM. (Attachments: # 1 Appendix)(Dreishmire, Lisa) (Entered: 01/09/2013) |
| 01/15/2013 | 90 | MINUTE entry before Honorable Edmond E. Chang:Defendant Amanda Rivera's motion 88 to withdraw appearance of Sabrina Haake and add appearance of Lisa Dreshmire is granted. In light of the fully-briefed motion to alter judgment 77 filed by Plaintiff, the status hearing of 01/16/12 is reset to 02/26/13 at 8:30 a.m. Mailed notice (slb, ) (Entered: 01/15/2013) |
| 02/25/2013 | 91 | MINUTE entry before Honorable Edmond E. Chang:Plaintiff's motion to alter judgment 77 is under advisement. Status hearing of 02/26/12 is reset to 03/25/13 at 9:30 a.m. Mailed notice (slb, ) (Entered: 02/25/2013) |
| 03/22/2013 | 92 | MINUTE entry before Honorable Edmond E. Chang: Status hearing of 03/25/13 is reset to 04/25/13 at 8:30 a.m., because the motion to alter judgment 77 remains pending. Mailed notice (slb, ) (Entered: 03/22/2013) |
| 04/24/2013 | 93 | MINUTE entry before Honorable Edmond E. Chang:Plaintiff's motion to alter judgment 77 is still under advisement. Status hearing of 04/25/13 is reset to 05/30/13 at 9:00 a.m. Mailed notice (slb, ) (Entered: 04/24/2013) |
| 05/28/2013 | 94 | MINUTE entry before Honorable Edmond E. Chang: Plaintiff's motion to alter judgment 77 remains under consideration. Status hearing of 05/30/13 is reset to 07/18/13 at 9:30 a.m Mailed notice (slb, ) (Entered: 05/28/2013) |
| 07/17/2013 | 95 | MINUTE entry before Honorable Edmond E. Chang: The motion to alter judgment 77 is still pending. Status hearing of 07/18/2013 is reset to 09/3/2013 at 8:30 a.m.Mailed notice(slb, ) (Entered: 07/17/2013) |
| 08/30/2013 | 96 | MINUTE entry before Honorable Edmond E. Chang: Plaintiff's motion to alter judgment 77 remains under advisement. Status hearing of 09/03/2013 is reset to 10/15/2013 at 8:30 a.m. Mailed notice (slb, ) (Entered: 08/30/2013) |
| 10/10/2013 | 97 | MINUTE entry before Honorable Edmond E. Chang: The Court needs additional time to rule on the motion to alter judgment 77 . Status hearing of 10/15/2013 is reset to 11/20/2013 at 10:00 a.m. Mailed notice (slb, ) |

PLAINTIFF'S EXHIBIT
D
Blumberg No. 5119

**From:** Joyce Hutchens <joyce.hutchens@att.net>
**To:** Sue Kallgren <sue@allisontaylor.com>
**Sent:** Thursday, October 30, 2014 7:43 PM
**Subject:** Re: Allison & Taylor update on reference report

Sue:

What was the point in your letting me know about the subpoena in the first place
if everything is such a big secret and if you're going back and forth passing information
between the two parties?  Is the Board also your client?  And do I have to subpoeana
that information from you?

Joyce
**From:** Sue Kallgren <sue@allisontaylor.com>
**To:** 'Joyce Hutchens' <joyce.hutchens@att.net>
**Sent:** Thursday, October 30, 2014 3:28 PM
**Subject:** RE: Allison & Taylor update on reference report

Hello Joyce,

They are supposed to be sending a copy to you.

Let me know if you need anything further.

Kind regards,
Suzanne


**From:** Joyce Hutchens [mailto:joyce.hutchens@att.net]
**Sent:** Thursday, October 30, 2014 12:42 AM
**To:** Sue Kallgren
**Subject:** Re: Allison & Taylor update on reference report

Hi Sue:

Did you by chance maintain a copy of the subpoena and correspondence you received
from the Board of Education?  I would like a copy of it, as they did not send me a copy
and I am serving as my own attorney--pro se.  They definitely should have sent me a
copy.  Thanks Sue!  I appreciate all of the hard work you have done for me.

Joyce Hutchens

**From:** Sue Kallgren <sue@allisontaylor.com>
**To:** 'Joyce Hutchens' <joyce.hutchens@att.net>
**Sent:** Friday, October 24, 2014 2:26 PM
**Subject:** RE: Allison & Taylor update on reference report

It doesn't say anything about going to court.  It just asks for my signature and is dated
today.  Sorry.


PLAINTIFF'S
EXHIBIT
E

**From:** Joyce Hutchens <joyce.hutchens@att.net>
**To:** Sue Kallgren <sue@allisontaylor.com>
**Sent:** Friday, July 25, 2014 10:48 AM
**Subject:** Joyce Hutchens

Hi Sue:

Hoping you guys at Allison & Taylor are doing great. I have a favor to ask of you. Could you kindly create a brief affidavit for me as soon as possible stating that all facts contained in the reports you prepared for me in March/April 2013 are true? I can't afford to pay for a subpoena or deposition right now, and I don't think it would even be necessary if I had that document. If you could get it notarized, that would be even better. I will gladly pay for your services. As you probably saw from the subpoena you received from the Chicago Board of Education, I did launch litigation against them and your report is critical and one of the strongest pieces of evidence I have.

I hope to hear from you. Thanks Sue!


Joyce Hutchens

8



PLAINTIFF'S
EXHIBIT
F



Chicago
Public
Schools

## Board of Education of the City of Chicago
## Law Department

James L. Bebley
General Counsel

One North Dearborn, Suite 900
Chicago, IL 60602
Telephone: 773/553-1700
Fax: 773/553-1701

December 19, 2014

*Via First Class U.S. Mail*

Ms. Joyce Hutchens
1235 S. Prairie St., Apt. 1806
Chicago, IL 60605

Re:     *Hutchens v. Board of Education of the City of Chicago*, Case No. 13-CV-06447, in the United States District Court for the Northern District of Illinois, Eastern Division.

Dear Ms. Hutchens:

Please find enclosed the Board's supplemental document production, Bates-labeled CPS/Hutchens 00858 through 00979. The Board does not necessarily believe all of these documents (or others the Board previously produced) are responsive to your discovery requests. However, we are producing them in an effort to be thorough.

Additionally, please note that we have redacted from the documents Bates-labeled CPS/Hutchens 00876-00897 privileged communications between the Board's former counsel, Brian Flores, and the Board's paralegal, Jill Dahlke. We redacted those privileged communications so you can see the non-privileged emails in context.

Please let me know if you have any questions. I hope you have a nice holiday season.

Sincerely,

Lisa A. Dreishmire

Lisa A. Dreishmire
Senior Assistant General Counsel

LD:lad
Enclosures



**Sent:** Wednesday, May 7, 2014 5:52 PM
**To:** Sue Kallgren
**Subject:** Re: Allison Taylor or GVS, International Address for Subpoena Duces Tecum

[Quoted text hidden]

---

**Dahlke, Jill** <jldahlke@cps.edu>                Thu, May 8, 2014 at 3:27 PM
To: Brian Flores <bjflores@cps.edu>



---

**Flores, Brian** <bjflores@cps.edu>                Fri, May 9, 2014 at 9:20 AM
To: "Dahlke, Jill" <jldahlke@cps.edu>



On Thu, May 8, 2014 at 3:27 PM, Dahlke, Jill <jldahlke@cps.edu> wrote:

> Brian -
>
> Jill Dahlke
> Law Department – Paralegal
> Board of Education
> 125 S. Clark Street
> Chicago, Illinois 60603
> jldahlke@cps.edu
> (773) 553-1670 (direct)
>
>
> ———— Forwarded message ————
> From: **Flores, Brian** <bjflores@cps.edu>
> Date: Wed, May 7, 2014 at 4:47 PM
> Subject:
> To: Jill Dahlke <jldahlke@cps.edu>

CPS/HUTCHENS 00878

Jill:



————— Forwarded message —————
From: **Sue Kallgren** <sue@allisontaylor.com>
Date: Wed, May 7, 2014 at 4:43 PM
Subject: RE: Allison Taylor or GVS, International Address for Subpoena Duces Tecum
To: "Flores, Brian" <bjflores@cps.edu>


Dear Brian,


You can send it to:


Allison & Taylor

301 William Road, Rochester, MI 48307


Kind regards,

Sue Kallgren

Sr. Management Consultant




From: Flores, Brian [mailto:bjflores@cps.edu]
Sent: Wednesday, May 7, 2014 3:26 PM
To: sue@allisontaylor.com
Subject: Allison Taylor or GVS, International Address for Subpoena Duces Tecum


Ms. Kallgren:

**CPS/HUTCHENS 00879**

I am an attorney with the Board of Education of the City of Chicago. I am trying to find a business address for GVS, International (or Allison Taylor) to serve a subpoena duces tecum for documents related to a verification of employment made by GVS, International in April 2013. Would you be able to provide me with the address where I could serve the subpoena? Thank you.


**Brian J. Flores**

**Assistant General Counsel**

**Board of Education of the City of Chicago**

**125 S. Clark Street, Suite 700**

**Chicago, IL 60603**

**Direct: 773-553-1656**

**Fax: 773-553-1702**

**bjflores@cps.edu**

---

**Flores, Brian <bjflores@cps.edu>**                              Fri, May 30, 2014 at 11:25 AM
To: Sue Kallgren <sue@allisontaylor.com>

Sue:

Thank you for the recent response to the subpoena duces tecum. The top of the second page appears to be cut off. Do you have a copy without the top cut off? Thank you.

--
Brian J. Flores
Assistant General Counsel | Board of Education of the City of Chicago
125 S. Clark Street, Suite 700 | Chicago, IL 60603·
(773) 553-1656 | bjflores@cps.edu


On Wed, May 7, 2014 at 5:03 PM, Sue Kallgren <sue@allisontaylor.com> wrote:

My pleasure to be of assistance.


Regards,

Sue Kallgren


**From:** Flores, Brian [mailto:bjflores@cps.edu]
**Sent:** Wednesday, May 7, 2014 5:52 PM
**To:** Sue Kallgren
**Subject:** Re: Allison Taylor or GVS, International Address for Subpoena Duces Tecum

CPS/HUTCHENS 00880

Thank you, Ms. Kallgren.

Brian J. Flores

Assistant General Counsel

Board of Education of the City of Chicago

125 S. Clark Street, Suite 700

Chicago, IL 60603

Direct: 773-553-1656

Fax: 773-553-1702

bjflores@cps.edu

On Wed, May 7, 2014 at 4:43 PM, Sue Kallgren <sue@allisontaylor.com> wrote:

Dear Brian,

You can send it to:

Allison & Taylor

301 William Road, Rochester, MI 48307

Kind regards,

Sue Kallgren

Sr. Management Consultant

**From:** Flores, Brian [mailto:bjflores@cps.edu]
**Sent:** Wednesday, May 7, 2014 3:26 PM
**To:** sue@allisontaylor.com
**Subject:** Allison Taylor or GVS, International Address for Subpoena Duces Tecum

Ms. Kallgren:

**CPS/HUTCHENS 00881**

I am an attorney with the Board of Education of the City of Chicago. I am trying to find a business address for GVS, International (or Allison Taylor) to serve a subpoena duces tecum for documents related to a verification of employment made by GVS, International in April 2013. Would you be able to provide me with the address where I could serve the subpoena? Thank you.


**Brian J. Flores**

**Assistant General Counsel**

**Board of Education of the City of Chicago**

**125 S. Clark Street, Suite 700**

**Chicago, IL 60603**

**Direct: 773-553-1656**

**Fax: 773-553-1702**

**bjflores@cps.edu**


---

**Jeffrey Shane** <jeffshane@icloud.com>                                      Fri, May 30, 2014 at 12:02 PM
To: bjflores@cps.edu

Mr. Flores,
Your note to Sue Kallgren (see below) was referred to my attention.

In the interest of (your) time, allow me to attach a .pdf version of the report below, for you to review/print off at your discretion.

Regards,

Jeff Shane
Allison & Taylor, Inc.
800.890.5645 (phone)
248.460.4300 (fax)
jeffshane@allisontaylor.com


**From:** Flores, Brian [mailto:bjflores@cps.edu]
**Sent:** Friday, May 30, 2014 12:25 PM
**To:** Sue Kallgren
**Subject:** Re: Allison Taylor or GVS, International Address for Subpoena Duces Tecum

CPS/HUTCHENS 00882

Sue:

Thank you for the recent response to the subpoena duces tecum. The top of the second page appears to be cut off. Do you have a copy without the top cut off? Thank you.

--
Brian J. Flores
Assistant General Counsel | Board of Education of the City of Chicago
125 S. Clark Street, Suite 700 | Chicago, IL 60603
(773) 553-1656 | bjflores@cps.edu

On Wed, May 7, 2014 at 5:03 PM, Sue Kallgren <sue@allisontaylor.com> wrote:

> My pleasure to be of assistance.
>
> Regards,
> Sue Kallgren
>
> From: Flores, Brian [mailto:bjflores@cps.edu]
> Sent: Wednesday, May 7, 2014 5:52 PM
> To: Sue Kallgren
> Subject: Re: Allison Taylor or GVS, International Address for Subpoena Duces Tecum
>
> Thank you, Ms. Kallgren.
>
> **Brian J. Flores**
> **Assistant General Counsel**
> **Board of Education of the City of Chicago**
> **125 S. Clark Street, Suite 700**
> **Chicago, IL 60603**
> **Direct: 773-553-1656**
> **Fax: 773-553-1702**
> **bjflores@cps.edu**
>
> On Wed, May 7, 2014 at 4:43 PM, Sue Kallgren <sue@allisontaylor.com> wrote:
>
>> Dear Brian,
>>
>> You can send it to:
>>
>> Allison & Taylor
>> 301 William Road, Rochester, MI 48307
>>
>> Kind regards,

**CPS/HUTCHENS 00883**

Sue Kallgren
Sr. Management Consultant

**From:** Flores, Brian [mailto:bjflores@cps.edu]
**Sent:** Wednesday, May 7, 2014 3:26 PM
**To:** sue@allisontaylor.com
**Subject:** Allison Taylor or GVS, International Address for Subpoena Duces Tecum

Ms. Kallgren:

I am an attorney with the Board of Education of the City of Chicago. I am trying to find a business address for GVS, International (or Allison Taylor) to serve a subpoena duces tecum for documents related to a verification of employment made by GVS, International in April 2013. Would you be able to provide me with the address where I could serve the subpoena? Thank you.

**Brian J. Flores**
**Assistant General Counsel**
**Board of Education of the City of Chicago**
**125 S. Clark Street, Suite 700**
**Chicago, IL 60603**
**Direct: 773-553-1656**
**Fax: 773-553-1702**
**bjflores@cps.edu**

---

📄 **Joyce Hutchens.pdf**
75K

---

**Flores, Brian** <bjflores@cps.edu>                                    Fri, May 30, 2014 at 12:39 PM
To: Jeffrey Shane <jeffshane@icloud.com>

Mr. Shane:

Thank you for your prompt response. I greatly appreciate it. However, the PDF copy you provided to me also mirrors the paper response to the subpoena I received through the mail: It also has the top sentence on page 2 cut off. Do you have a copy with the aforementioned sentence legible? Thank you.

[Quoted text hidden]
  [Quoted text hidden]

**From:** Flores, Brian [mailto:bjflores@cps.edu]

**CPS/HUTCHENS 00884**

**Sent: Friday,** May 30, 2014 12:25 PM

[Quoted text hidden]

[Quoted text hidden]

Brian J. Flores

Assistant General Counsel | Board of Education of the City of Chicago

125 S. Clark Street, Suite 700 | Chicago, IL 60603

(773) 553-1656 | bjflores@cps.edu

---

**Flores, Brian** <bjflores@cps.edu>                                    Tue, Jun 3, 2014 at 9:48 AM
To: Jeffrey Shane <jeffshane@icloud.com>

Mr. Shane:

I am following up on the email that I sent to you on Friday. Do you have a copy with the aforementioned sentence
legible? Thank you.

[Quoted text hidden]

---

**Jeffrey Shane** <jeffshane@icloud.com>                                Tue, Jun 3, 2014 at 6:21 PM
To: "Flores, Brian" <bjflores@cps.edu>

Mr. Flores,
See attached .pdf which should have no formatting issues.

Regards,

Jeff Shane
Allison & Taylor, Inc.
800.890.5645 (phone)
248.460.4300 (fax)
jeffshane@allisontaylor.com


On Jun 3, 2014, at 10:48 AM, Flores, Brian <bjflores@cps.edu> wrote:

> Mr. Shane:
>
> I am following up on the email that I sent to you on Friday. Do you have a copy with the
> aforementioned sentence legible? Thank you.
>
>
> On Fri, May 30, 2014 at 12:39 PM, Flores, Brian <bjflores@cps.edu> wrote:
>> Mr. Shane:
>>
>> Thank you for your prompt response. I greatly appreciate it. However, the PDF copy you provided
>> to me also mirrors the paper response to the subpoena I received through the mail: It also has
>> the top sentence on page 2 cut off. Do you have a copy with the aforementioned sentence
>> legible? Thank you.

**CPS/HUTCHENS 00885**

On Fri, May 30, 2014 at 12:02 PM, Jeffrey Shane <jeffshane@icloud.com> wrote:
Mr. Flores,
Your note to Sue Kallgren (see below) was referred to my attention.

In the interest of (your) time, allow me to attach a .pdf version of the report below, for you to review/print off at your discretion.

Regards,

Jeff Shane
Allison & Taylor, Inc.
800.890.5645 (phone)
248.460.4300 (fax)
jeffshane@allisontaylor.com


**From:** Flores, Brian [mailto:bjflores@cps.edu]
**Sent:** Friday, May 30, 2014 12:25 PM

**To:** Sue Kallgren
**Subject:** Re: Allison Taylor or GVS, International Address for Subpoena Duces Tecum

Sue:

Thank you for the recent response to the subpoena duces tecum. The top of the second page appears to be cut off. Do you have a copy without the top cut off? Thank you.

--
Brian J. Flores
Assistant General Counsel | Board of Education of the City of Chicago
125 S. Clark Street, Suite 700 | Chicago, IL 60603
(773) 553-1656 | bjflores@cps.edu


On Wed, May 7, 2014 at 5:03 PM, Sue Kallgren <sue@allisontaylor.com> wrote:

My pleasure to be of assistance.

Regards,
Sue Kallgren

**CPS/HUTCHENS 00886**

**From:** Flores, Brian [mailto:bjflores@cps.edu]
**Sent:** Wednesday, May 7, 2014 5:52 PM
**To:** Sue Kallgren
**Subject:** Re: Allison Taylor or GVS, International Address for Subpoena
Duces Tecum

Thank you, Ms. Kallgren.

**Brian J. Flores**
**Assistant General Counsel**
**Board of Education of the City of Chicago**
**125 S. Clark Street, Suite 700**
**Chicago, IL 60603**
**Direct: 773-553-1656**
**Fax: 773-553-1702**
**bjflores@cps.edu**

On Wed, May 7, 2014 at 4:43 PM, Sue Kallgren
<sue@allisontaylor.com> wrote:

Dear Brian,

You can send it to:

Allison & Taylor
301 William Road, Rochester, MI 48307

Kind regards,
Sue Kallgren
Sr. Management Consultant

**From:** Flores, Brian [mailto:bjflores@cps.edu]
**Sent:** Wednesday, May 7, 2014 3:26 PM
**To:** sue@allisontaylor.com
**Subject:** Allison Taylor or GVS, International Address for Subpoena
Duces Tecum

Ms. Kallgren:

I am an attorney with the Board of Education of the City of
Chicago. I am trying to find a business address for GVS,
International (or Allison Taylor) to serve a subpoena duces
tecum for documents related to a verification of employment
made by GVS, International in April 2013. Would you be able to

**CPS/HUTCHENS 00887**

provide me with the address where I could serve the subpoena? Thank you.

**Brian J. Flores**
**Assistant General Counsel**
**Board of Education of the City of Chicago**
**125 S. Clark Street, Suite 700**
**Chicago, IL 60603**
**Direct: 773-553-1656**
**Fax: 773-553-1702**
**bjflores@cps.edu**

—
Brian J. Flores
Assistant General Counsel | Board of Education of the City of Chicago
125 S. Clark Street, Suite 700 | Chicago, IL 60603
(773) 553-1656 | bjflores@cps.edu

—
Brian J. Flores
Assistant General Counsel | Board of Education of the City of Chicago
125 S. Clark Street, Suite 700 | Chicago, IL 60603
(773) 553-1656 | bjflores@cps.edu

 **Joyce Hutchens.pdf**
75K

---

**Flores, Brian** <bjflores@cps.edu>                          Wed, Jun 4, 2014 at 9:29 AM
To: Jeffrey Shane <jeffshane@icloud.com>

Thank you, Mr. Shane.

[Quoted text hidden]
   [Quoted text hidden]

On Jun 3, 2014, at 10:48 AM, Flores, Brian <bjflores@cps.edu> wrote:

   Mr. Shane:

   I am following up on the email that I sent to you on Friday. Do you have a copy with the
   aforementioned sentence legible? Thank you.

**CPS/HUTCHENS 00888**

On Fri, May 30, 2014 at 12:39 PM, Flores, Brian <bjflores@cps.edu> wrote:
Mr. Shane:

Thank you for your prompt response. I greatly appreciate it. However, the PDF copy you provided to me also mirrors the paper response to the subpoena I received through the mail: It also has the top sentence on page 2 cut off. Do you have a copy with the aforementioned sentence legible? Thank you.

On Fri, May 30, 2014 at 12:02 PM, Jeffrey Shane <jeffshane@icloud.com> wrote:
Mr. Flores,
Your note to Sue Kallgren (see below) was referred to my attention.

In the interest of (your) time, allow me to attach a .pdf version of the report below, for you to review/print off at your discretion.

Regards,

Jeff Shane
Allison & Taylor, Inc.
800.890.5645 (phone)
248.460.4300 (fax)
jeffshane@allisontaylor.com

[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]

**CPS/HUTCHENS 00889**



# Fwd: Allison Taylor or GVS, International Address for Subpoena Duces Tecum

3 messages

**Flores, Brian** <bjflores@cps.edu>                                      Wed, May 7, 2014 at 4:47 PM
To: Jill Dahlke <jldahlke@cps.edu>



———— Forwarded message ————
From: **Sue Kallgren** <sue@allisontaylor.com>
Date: Wed, May 7, 2014 at 4:43 PM
Subject: RE: Allison Taylor or GVS, International Address for Subpoena Duces Tecum
To: "Flores, Brian" <bjflores@cps.edu>


Dear Brian,


You can send it to:


Allison & Taylor

301 William Road, Rochester, MI 48307


Kind regards,

Sue Kallgren

Sr. Management Consultant

CPS/HUTCHENS 00890

**From:** Flores, Brian [mailto:bjflores@cps.edu]
**Sent:** Wednesday, May 7, 2014 3:26 PM
**To:** sue@allisontaylor.com
**Subject:** Allison Taylor or GVS, International Address for Subpoena Duces Tecum

Ms. Kallgren:

I am an attorney with the Board of Education of the City of Chicago. I am trying to find a business address for GVS, International (or Allison Taylor) to serve a subpoena duces tecum for documents related to a verification of employment made by GVS, International in April 2013. Would you be able to provide me with the address where I could serve the subpoena? Thank you.

**Brian J. Flores**

**Assistant General Counsel**

**Board of Education of the City of Chicago**

**125 S. Clark Street, Suite 700**

**Chicago, IL 60603**

**Direct: 773-553-1656**

**Fax: 773-553-1702**

**bjflores@cps.edu**

---

**Dahlke, Jill** <jldahlke@cps.edu>                                Thu, May 8, 2014 at 3:27 PM
To: Brian Flores <bjflores@cps.edu>



---

**Flores, Brian** <bjflores@cps.edu>                              Fri, May 9, 2014 at 9:20 AM
To: "Dahlke, Jill" <jldahlke@cps.edu>





On Thu, May 8, 2014 at 3:27 PM, Dahlke, Jill <jldahlke@cps.edu> wrote:
Brian █████████████████████████████████████████████████

██████████████████████
██████████████████████
██████████████████████
██████████████████████
██████████████████████

———— Forwarded message ————
From: **Flores, Brian** <bjflores@cps.edu>
Date: Wed, May 7, 2014 at 4:47 PM
Subject: ████████████████████████████████████
To: Jill Dahlke <jldahlke@cps.edu>

██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████

———— Forwarded message ————
From: **Sue Kallgren** <sue@allisontaylor.com>
Date: Wed, May 7, 2014 at 4:43 PM
Subject: RE: Allison Taylor or GVS, International Address for Subpoena Duces Tecum
To: "Flores, Brian" <bjflores@cps.edu>

Dear Brian,

You can send it to:

Allison & Taylor

301 William Road, Rochester, MI 48307

Kind regards,

Sue Kallgren

Sr. Management Consultant

From: Flores, Brian [mailto:bjflores@cps.edu]
Sent: Wednesday, May 7, 2014 3:26 PM
To: sue@allisontaylor.com
Subject: Allison Taylor or GVS, International Address for Subpoena Duces Tecum

Ms. Kallgren:

I am an attorney with the Board of Education of the City of Chicago. I am trying to find a business address for GVS, International (or Allison Taylor) to serve a subpoena duces tecum for documents related to a verification of employment made by GVS, International in April 2013. Would you be able to provide me with the address where I could serve the subpoena? Thank you.

**Brian J. Flores**

**Assistant General Counsel**

**Board of Education of the City of Chicago**

**125 S. Clark Street, Suite 700**

**Chicago, IL 60603**

**Direct: 773-553-1656**

**Fax: 773-553-1702**

**bjflores@cps.edu**

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| | | |
|---|---|---|
| Joyce Hutchens | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 13-CV-6447 |
| Chicago Board of Education | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Allison & Taylor; Attn: Keeper of Records; 301 William Road; Rochester, MI 48307

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All communication (letters, reports, faxes, notes, etc.) whether maintained in hard copy or electronic form (e-mails/other electronic messages), between Suzanne Kallgren and Joyce Hutchens in 2013 and 2014, and also between Suzanne Kallgren and Lisa Dreishmire of the Chicago Board of Education in 2013 and 2014.

| Place: Joyce Hutchens<br>    1235 S. Prairie Avenue, Unit 1806<br>    Chicago, IL 60605 | Date and Time:<br>    12/15/2014 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    12/05/2014

CLERK OF COURT

_____     OR     _____
    *Signature of Clerk or Deputy Clerk*                               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Joyce Hutchens
Pro Se Plaintiff                                  , who issues or requests this subpoena, are:
Joyce Hutchens, 1235 S. Prairie Avenue, Unit 1806, Chicago, IL 60605; (312) 316-4099; joyce.hutchens@att.net

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

PLAINTIFF'S EXHIBIT 4

**Cc:** Joyce Hutchens

**Subject:** Re: Correspondence re Hutchens' Subpoena in Case No. 13-6447 (Hutchens)

Ms. Relias,

I am writing to let you know that today the Court overruled these objections by the Board. Therefore, City Colleges may respond to the subpoena issued by Ms. Hutchens.

Please let me know if you have any questions.

Best regards,

Lisa

On Fri, Dec 5, 2014 at 12:51 PM, Dreishmire, Lisa <ldreishmire@cps.edu> wrote:

Ms. Relias,

Please see the attached Objections to the subpoena Ms. Hutchens served on you. These were filed today and you need not respond to the subpoena until further notice.

Best,

Lisa

On Fri, Nov 21, 2014 at 2:24 PM, Dreishmire, Lisa <ldreishmire@cps.edu> wrote:

Ms. Relias,

Please see the attached correspondence.

Best,

Lisa A. Dreishmire

—

Lisa A. Dreishmire

Senior Assistant General Counsel

Board of Education of the City of Chicago



**CPS/HUTCHENS 00899**