

**FILED**

JAN 0 8 2015

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOYCE HUTCHENS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 C 6447 |
| | ) | |
| v. | ) | Judge Edmond E. Chang |
| | ) | |
| CITY OF CHICAGO | ) | Magistrate Judge Michael T. Mason |
| BOARD OF EDUCATION, | ) | |
| | ) | |
| Defendants. | ) | |

## PRO SE PLAINTIFF'S MOTION TO COMPEL ALLISON & TAYLOR TO COMPLY WITH SUBPOENA DUCES TECUM

Pro se Plaintiff, Joyce Hutchens, ("PLAINTIFF"), respectfully moves this Court to compel Jeffrey Shane and Suzanne Kallgren (also known as Suzanne LaPlante and Suzanne Terry), of Allison & Taylor, to immediately comply with the subpoena duces tecum issued on December 5, 2014 by Plaintiff, to produce a defined set of documents related to the above-referenced action, currently pending in the United States District Court For The Northern District of Illinois. 8544248

### INTRODUCTION

Allison & Taylor is a professional reference checking and employment verification services firm which Plaintiff hired in March 2013 to conduct a "test" reference and employment verification related to her former employment with Defendant Chicago Board of Education, ("DEFENDANTS").

In March and April 2013, Suzanne Kallgren ("Kallgren"), Senior Management Consultant, conducted an employment verification and reference check for Plaintiff, and subsequently provided Plaintiff with a report concerning Kallgren's efforts to acquire

information from the Defendants, as well as the information Kallgren did, in fact acquire from the Defendants' employee records department.

On or around October 3, 2014, after informing Plaintiff by letter dated September 29, 2014 that she planned to depose Kallgren during the week of October 27, 2014, during which Plaintiff would have been present, Defendants' counsel, Lisa Dreishmire, ("Dreishmire") instead, contacted Suzanne Kallgren during which Kallgren allegedly "expressed her preference" to create a declaration, rather than to engage in a deposition. Said September 29, 2014 letter is attached as Exhibit "A"

On October 24, 2014, Plaintiff learned via two voicemail messages, an e-mail message, and a telephone call from Kallgren that Kallgren had engaged in discussions and e-mail exchanges with Dreishmire, in order to prepare a declaration regarding the "test" reference employment verification report Kallgren had created for Plaintiff. Said e-mail message is attached as Exhibit "B".

As shown in Exhibit "B", Kallgren specifically stated that she had received a "subpoena" from Dreishmire.

Although Kallgren notified Plaintiff on October 24, 2014 of the communication between her and Dreishmire, Plaintiff later learned from information contained in a court pleading Dreishmire filed on December 19, 2014 (Docket No. 65) that communication between the two had been ongoing since approximately October 3, 2014, which was nearly three weeks before Kallgren contacted Plaintiff

Dreishmire also indicated in the Defendants' December 19, 2014 court filing that she had not issued a subpoena to Kallgren.

Prior to Kallgren's October 24, 2014 communication with Plaintiff, Plaintiff was entirely unaware that Kallgren and Dreishmire had engaged in discussions regarding a declaration.

Dreishmire and Kallgren had, in fact, created at least three declarations, two of which appear to be drafts, and are dated November 19, 2014.

After learning of the communication and declaration between Kallgren and Dreishmire, (Kallgren only informed Plaintiff of one declaration) Plaintiff requested, via e-mail to Dreishmire that Dreishmire "forward [Plaintiff] a copy of the subpoena and accompanying correspondence" Dreishmire had sent to Kallgren. (said e-mail message is attached as Exhibit "C".)

On or around November 21, 2014, Plaintiff received, among other documents from Dreishmire, e-mail exchanges, comprised of nearly 70 pages, between Dreishmire and Kallgren.

On December 5, 2014, Plaintiff issued via U.S. Mail, a subpoena to Allison & Taylor; Attn: Keeper of Records; 301 William Road; Rochester, MI 48307. Said subpoena is attached as Exhibit "D". The subpoena specifically commanded that Allison & Taylor provide to Plaintiff the following:

> All communication (letters, documents, faxes, notes, etc.) whether maintained in hard copy or electronic form (e-mails/other electronic messages), between Suzanne Kallgren (or LaPlante) and Joyce Hutchens in 2013 and 2014, and also between Suzanne Kallgren and Lisa Dreishmire of the Chicago Board of Education in 2014.

In response, Plaintiff received from Jeffrey Shane, Allison & Taylor's Executive Vice President, the employment reference/verification report Kallgren had created for Plaintiff, one declaration Kallgren had created with Dreishmire, which Kallgren signed as Suzanne LaPlante and dated October 27, 2014, and one e-mail Plaintiff had sent to Kallgren in response to Kallgren's October 24, 2014 communication with Kallgren.

3

## ARGUMENTS

### A. PROVIDING INCOMPLETE RESPONSES TO SUBPOENA COMMANDS, CONSTITUTES WILLFUL DISOBEIDIENCE.

Instead of complying with Plaintiff's entire requests, Shane and Kallgren willfully disobeyed commands of the subpoena and refused to provide Plaintiff, as requested, with all e-mail exchanges between Plaintiff and Kallgren in 2013 and 2014. Shane and Kallgren also refused to provide Plaintiff with even a single e-mail exchange between Kallgren and Dreishmire, which, as Plaintiff previously noted, is comprised of nearly 70 pages (or more).

### B. NEITHER THE DEFENDANTS NOR ALLISON & TAYLOR OBJECTED TO PLAINTIFF'S REQUESTS.

Defendants' counsel Dreishmire, Jeffrey Shane and Suzanne Kallgren lodged no objections to the requests for documents contained in Plaintiff's subpoena duces tecum. Accordingly, Plaintiff should have received all documents outlined in the subpoena. Plaintiff is entitled to receive, and Allison & Taylor is required to provide Plaintiff with the documents she requested.

### C. ALLISON & TAYLOR SHOULD BE COMPELLED TO FULLY COMPLY WITH THE SUBPOENAS SERVED UPON THEM

Shane & Kallgren have withheld from Plaintiff multiple documents, including those which contain dozens of e-mail exchanges between Kallgren and Dreishmire and the attachments submitted with those e-mails, including multiple declarations and an unidentified document, which appears as "Allison & Taylor .Docs.pdf 708K, which was transmitted between Kallgren and Dreishmire on October 16, 2014. (See attached Exhibit "E".) As the opposing party in the instant litigation, Plaintiff is absolutely entitled to receive all documents exchanged between Kallgren and Dreishmire. Allison & Taylor must, therefore, be compelled to fully comply with the subpoena served upon them and produce those documents to Plaintiff. Plaintiff also very

4

recently learned that numerous e-mails also were exchanged between former Chicago Board of Education attorney, Brian Flores, Sue Kallgren and Jeffrey Shane in 2014. Plaintiff, therefore, requests copies of each of those e-mails and any related documents, as well as e-mail and document exchanges between any Allison & Taylor employee and any Chicago Board of Education employee, as the e-mails and documents relate to the instant litigation.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court compel Allison & Taylor's full compliance with Plaintiff's subpoena by providing (a) all e-mails exchanged between Plaintiff and Sue Kallgren in 2013 and 2014, (b) all e-mails exchanged (including attachments) between Sue Kallgren and Defendants' counsel Lisa Dreishmire in 2014 and at any other time as it relates to the instant litigation, (c) all e-mails exchanged between the Defendants' former counsel, Brian Flores and any Allison & Taylor employee, as it relates to the instant litigation, and provide Plaintiff with such other relief as the Court deems appropriate.

January 8, 2015                                                                 Respectfully submitted,

*[signature: Joyce Hutchens]*
Joyce Hutchens
Pro se Plaintiff
1235 S. Prairie Avenue
Unit 1806
Chicago, IL  60605
(312) 316-4099



# Board of Education of the City of Chicago
## Law Department

James L. Bebley
General Counsel

125 South Clark Street, Suite 700
Chicago, IL 60603
Telephone: (773) 553-1700
Fax: (773) 553-1701

September 29, 2014

*Via E-Mail*

Ms. Joyce Hutchens
Joyce.Hutchens@att.net

Re: *Hutchens v. Board of Education of the City of Chicago*, Case No. 13-CV-06447, in the United States District Court for the Northern District of Illinois, Eastern Division.

Dear Ms. Hutchens:

I am writing to request available dates for certain depositions in this case. Specifically, the Board would like to depose: (1) you; and (2) Sue Kallgren. Please let me know your and Ms. Kallgren's availability during the week of October 27th. Your deposition will likely take the better part of a day, while I only expect Ms. Kallgren's to take an hour or two (if that long). However, they should be scheduled on separate days. The Board will provide the conference room and court reporter for each of these two depositions.

Please let me know your and Ms. Kallgren's availability this week. Thank you in advance for your cooperation in this regard.

Sincerely,

Lisa A. Dreishmire
Senior Assistant General Counsel

LD:lad

Exhibit "A"

Subject: Allison & Taylor update on reference report
From: Sue Kallgren (sue@allisontaylor.com)
To: joyce.hutchens@att.net;
Date: Friday, October 24, 2014 9:41 AM

Dear Joyce Hutchens,

As you recall, I conducted a reference check for you regarding the Chicago Board of Education. I was subpoenaed to speak with their attorney regarding your report.

I wanted you to be aware of that and they said it was okay to talk with them as you chose not to obtain an attorney.

Can you please contact me asap regarding this? I just want to make sure it's okay with you that I speak with them.

You can respond to this email or call me. Thank you.

Kind regards,

*Suzanne Terry*

**ALLISON & TAYLOR**

Sr. Management Consultant

Phone: 248-474-5414

Fax: 248-715-6260

This email and any files transmitted with it may be proprietary, confidential and/or privileged and are intended solely for the use of the addressed individual or entity. If you are not the intended recipient, you are notified that disclosing, copying, modifying, distributing or taking any action in reliance on the contents of this information is strictly prohibited. Please notify me immediately if you have

Exhibit "B"

Subject: Re: Case No. 13-6447
From: Joyce Hutchens (joyce.hutchens@att.net)
To: ldreishmire@cps.edu;
Date: Friday, October 24, 2014 2:32 PM

Ms. Dreishmire:

Please forward me a copy of the subpoena and accompanying correspondence you sent to Sue Kallgren at Allison and Taylor. In the future, please ensure that I receive copies of everything you send to anyone requesting information regarding me. That includes everything you have sent thus far.

Joyce Hutchens

---

On Tue, 10/14/14, Dreishmire, Lisa <ldreishmire@cps.edu> wrote:

Subject: Case No. 13-6447
To: "Joyce Hutchens" <joyce.hutchens@att.net>
Date: Tuesday, October 14, 2014, 4:00 PM

Ms. Hutchens,
Please see the attached filings the Board made
today in the above-referenced case.
Best,

--
Lisa A.
DreishmireSenior Assistant
General CounselBoard of
Education of the City of Chicago125 South Clark
Street, Suite 700Chicago, IL
60603Direct Dial:
(773) 553-1691ldreishmire@cps.edu

Exhibit "C"

AO 88B (Rev. 2/14) Subpoena to Produce Documents, Information, or Objects...

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| Joyce Hutchens | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 13-CV-6447 |
| Chicago Board of Education | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Allison & Taylor; Attn: Keeper of Records; 301 William Road; Rochester, MI 48307

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All communication (letters, reports, faxes, notes, etc.) whether maintained in hard copy or electronic form (e-mails/other electronic messages), between Suzanne Kallgren and Joyce Hutchens in 2013 and 2014, and also between Suzanne Kallgren and Lisa Dreishmire of the Chicago Board of Education in 2013 and 2014.

| Place: Joyce Hutchens<br>1235 S. Prairie Avenue, Unit 1806<br>Chicago, IL 60605 | Date and Time:<br><br>12/15/2014 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ~~12/04/2014~~ 12/15/2014

CLERK OF COURT

_____     OR     _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Joyce Hutchens Pro Se Plaintiff _____, who issues or requests this subpoena, are:

Joyce Hutchens, 1235 S. Prairie Avenue, Unit 1806, Chicago, IL 60605; (312) 316-4099; joyce.hutchens@att.net

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit "D"

Civil Action No. 13-CV-6447

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____                             _____
                                                *Server's signature*

                                                _____
                                                *Printed name and title*

                                                _____
                                                *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

(c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

(d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



Dreishmire, Lisa <ldreishmire@cps.edu>

## Declaration for Your Review
1 message

**Dreishmire, Lisa <ldreishmire@cps.edu>**     Thu, Oct 16, 2014 at 11:04 AM
To: suzanne@allisontaylor.com

Sue,

Please find attached the draft declaration we discussed. I apologize for the delay in sending it to you. I experienced the death of someone with whom I was very close last week and was out of the office for several days.

In drafting this declaration, I have relied on the attached documents, as well as the information you provided during our recent conversation. Please review the declaration very carefully to make sure everything in it is accurate. Please note as well that I need to add the last name of the colleague you mentioned named "Jeff"--if you will please email me with his name, I will update the declaration to include it.

If you have any questions or concerns whatsoever, please let me know so I can make sure this declaration is something with which you are completely comfortable before you sign it. It is very important that this document is accurate.

I look forward to speaking with you soon and thank you in advance for your assistance.

Best,
Lisa

--
Lisa A. Dreishmire
Senior Assistant General Counsel
Board of Education of the City of Chicago
125 South Clark Street, Suite 700
Chicago, IL 60603
Direct Dial: (773) 553-1691
ldreishmire@cps.edu

**2 attachments**

📄 **Declaration of Sue Kallgren.docx**
32K

📄 **Allison & Taylor Docs.pdf**
708K


Exhibit "E"