IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOYCE HUTCHENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 13-CV-6447 |
| v. ) | |
| ) | Judge Edmond E. Chang |
| CHICAGO BOARD OF EDUCATION, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT BOARD'S MOTION TO COMPEL
## SUBPOENA RESPONSE BY JANICE HUMPHREY

Defendant BOARD OF EDUCATION of the CITY OF CHICAGO (the "Board") files this Motion to Compel Subpoena Response by Janice Humphrey and states:

## INTRODUCTION

Plaintiff claims she will call Licensed Clinical Social Worker ("LCSW") Janice Humphrey, who according to Plaintiff "has served as Plaintiff's psychologist since November 2010," as an expert witness. The Board has diligently tried to obtain Ms. Humphrey's documents related to Plaintiff—both via Plaintiff's signed medical records authorization forms and, when that was not successful, a subpoena. Ms. Humphrey lodged no objections to the subpoena and has produced records of only two consultations with Plaintiff despite having counseled her multiple times per week since October 2010. The only excuse Ms. Humphrey has offered for her failure to produce additional records—which she admits she has—is that the remaining records "are pathetic." Given Plaintiff's extensive emotional distress allegations in this case, the fact that she regularly consulted with Ms. Humphrey during the time when she was allegedly experiencing the retaliation about which she complains in this case and Plaintiff's designation of Ms. Humphrey as an "expert," the Board is entitled to discover all of Ms. Humphrey's records concerning Plaintiff. The Board therefore respectfully requests that the Court compel Ms. Humphrey to produce within three (3) business days all records concerning Plaintiff which are in Ms. Humphrey's possession, custody or control.

## BACKGROUND FACTS

Plaintiff claims she will call LCSW Humphrey, whom Plaintiff claims "has served as [her] psychologist since November 2010," as an expert witness in this case. (**Exhibit A** at 4) According to Plaintiff, she has consulted with Ms. Humphrey "several times weekly each year since October 2010," "both in person and via telephone." (**Exhibit A** at 22)

Plaintiff says she "had never suffered any psychiatric, psychological and/or emotion [sic] injury prior to the date of the conduct complained of in the Complaint," but contends she now has suffered "extraordinary mental anguish and suffering." (**Exhibit A** at 11, 22) She premises her damage claims on, among other things, the following allegations (in relevant part):

> **Loss of Enjoyment of Life** Plaintiff has suffered numerous and immeasurable detrimental alterations to the quality of her life. Plaintiff has lost nearly in its [sic] entirety the ability to participate in the activities or pleasures of life which she formerly enjoyed, including, but not limited to a simple night of rest and sleep, peace of mind; participation in social events, participation in professional development activities related to Plaintiff's profession; family events including the recent inability to attend a close family member's wedding and other family member's funeral, both in another state, vacations; inability to pay for necessary medical attention; inability to purchase clothes and food; and the inability to enjoy health club activities because of depression.

(**Exhibit A** at 12) Plaintiff further claims, "The stress, mental anguish and despair, and depression and sleeplessness caused by the loss of Plaintiff's job, filing of a lawsuit against the very school district at which she received her elementary and high school education, and the extraordinarily inordinate delay in her initial litigation has caused a significant decline in her health as evidenced by her elevated blood pressure, which was a non-issue prior to this litigation." (**Exhibit A** at 14) She demands "$2.5 million in punitive damages for 5-1/2 years of mental anguish, depression" and other matters. (**Exhibit A** at 12)

Since Plaintiff first identified Ms. Humphrey, the Board has diligently sought Ms. Humphrey's records. First, the Board sent Ms. Humphrey a records request supported by Plaintiff's signed records authorizations. (**Exhibit B**) She provided only a recently written letter to the Board

in which she briefly described her consultation with Plaintiff. Asked for actual contemporaneous records of Plaintiff's treatment, Ms. Humphrey then produced only eight pages of records representing two visits which occurred in 2010, despite the fact that she has apparently consulted with Plaintiff multiple times weekly since October 2010. (**Exhibit C**) The Board then served Ms. Humphrey with a subpoena for Plaintiff's records. (**Exhibit D**) Neither Plaintiff nor Ms. Humphrey objected to the subpoena, but Ms. Humphrey refused to produce a single document in response.

On December 1, 2014, Ms. Humphrey admitted in a telephone call with the undersigned counsel that she has additional documents concerning her treatment of Plaintiff which she has failed to produce, describing them as her "private notes" and documents in which Plaintiff describes the issues that led her to seek treatment. The undersigned counsel has since asked Ms. Humphrey why she will not produce her records. In response, Ms. Humphrey stated, "they are pathetic." On another occasion, Ms. Humphrey told the undersigned counsel she had considered creating new records concerning her past treatment of Plaintiff to satisfy the Board's requests, but that a lawyer had discouraged her from doing so (as did the undersigned counsel).

The Board has exhausted its efforts to obtain the cooperation of Ms. Humphrey in providing Plaintiff's records. Plaintiff said she would instruct Ms. Humphrey to provide the Board with the records and asked the Board to delay in filing any related motions for that reason, but later told the Board to "do what you must," implying Ms. Humphrey's records would not be forthcoming.

**ARGUMENT**

Neither Plaintiff nor Ms. Humphrey objected to the Board's records subpoena to Ms. Humphrey. Therefore, they have waived any applicable objections. Even if that was not the case, Plaintiff's allegations and damage demands related to her mental health extend far beyond "garden variety" emotional distress allegations and entitle the Board to discovery of all of Ms. Humphrey's records concerning her consultation with Plaintiff. *See Walti v. Toys R U.S.*, 2011 WL 3876907, *2

3

(N.D. Ill. Aug. 31, 2011) (holding plaintiff's medical records discoverable when, among other things, he sought emotional distress damages in connection with most claims); *Carter v. National Intern. Roofing Corp.*, 2003 WL 21664832, *1 (N.D. Ill. July 15, 2003) (finding plaintiff's allegations extended beyond "garden variety" emotional distress when plaintiff sought losses due to mental injury); *Stoltey v. Clark*, 2006 WL 3743795, *1-2 (C.D. Ill. Dec. 18, 2006) (noting Section 1983 plaintiff had been required to provide access to her medical records, which related to damages). Accordingly, the Board asks the Court to grant this Motion and order Janice Humphrey to produce to the Board within three (3) business days all records concerning Plaintiff which are in Ms. Humphrey's possession, custody or control.

## CONCLUSION

The Board respectfully requests that the Court grant this Motion and order Janice Humphrey to produce to the Board within three (3) business days all records concerning Plaintiff which are in Ms. Humphrey's possession, custody or control.

Respectfully submitted,

**BOARD OF EDUCATION OF THE CITY OF CHICAGO**

JAMES L. BEBLEY,
General Counsel

By: s/*Lisa A. Dreishmire*
Lisa A. Dreishmire
Senior Assistant General Counsel
Board of Education of the City of Chicago
Law Department
1 North Dearborn, Suite 900
Chicago, Illinois 60602
773-553-1700

**CERTIFICATE OF SERVICE**

      I certify that I caused this pleading to be served upon Plaintiff *pro se* by CM-ECF E-Filing pursuant to General Order on Electronic Case Filing, Section XI(C), on January 15, 2015. I also sent a copy of this pleading to Janice Humphrey by U.S. Certified Mail on January 15, 2015.

                                            s/*Lisa A. Dreishmire*
                                            Lisa A. Dreishmire