# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOYCE HUTCHENS, | ) |
| Plaintiff, | ) |
| | ) Case No. 13-CV-6447 |
| v. | ) |
| | ) Judge Edmond E. Chang |
| CHICAGO BOARD OF EDUCATION, | ) |
| Defendant. | ) |

## DEFENDANT BOARD'S MOTION TO EXTEND DISCOVERY DEADLINE

Defendant Board of Education of the City of Chicago (the "Board") files this Motion to Extend Discovery Deadline and states:

## INTRODUCTION

The Board has diligently pursued discovery in this case. Its efforts in that regard have, however, been repeatedly delayed through no fault of the Board. The most recent impediment to completion of discovery is the refusal of Licensed Clinical Social Worker ("LCSW") Janice Humphrey, whom Plaintiff claims is an "expert," to produce all documents related to her treatment of Plaintiff, which supposedly has taken place multiple times weekly since October 2010. While Ms. Humphrey admits she has not produced all documents responsive to Plaintiff's records authorization and the Board's subpoena, her only explanation for that failure is that her records are (in her words) "pathetic." The Board cannot depose Plaintiff or Ms. Humphrey until it receives these and the other records mentioned below and, even if those documents are received very soon, at this point the Board will not be able to complete discovery by the February 2, 2015, discovery deadline. The Board, therefore, respectfully requests that the Court extend the discovery deadline to March 13, 2015.

# FACTS AND ARGUMENT

The discovery deadline is February 2, 2015. While the Board diligently pursued both written and oral discovery, it has not been able to complete the necessary discovery, and the Board believes a brief extension of the discovery deadline—to March 13, 2015—is both necessary and appropriate.

## A. Plaintiff's Counselor/Alleged "Expert" Refuses to Produce Relevant Documents.

As explained in greater detail in the Board's Motion to Compel Subpoena Response by Janice Humphrey (Docket #70), the Board still needs to obtain Ms. Humphrey's records concerning her alleged four plus years of counseling Plaintiff multiple times weekly. The Board has diligently sought Ms. Humphrey's records, first via Plaintiff's signed records authorizations and, when that effort proved unsuccessful, via a subpoena. (**Exhibits A, B and C**) Neither Ms. Humphrey nor Plaintiff objected to the Board's subpoena, but Ms. Humphrey failed to produce a single document in response. She admittedly has counseled Plaintiff multiple times weekly since October 2010, but has produced only eight pages of records representing two visits which occurred in 2010. Ms. Humphrey informed the undersigned counsel she has additional documents concerning her treatment of Plaintiff which she has failed to produce. Asked why she will not produce the records, Ms. Humphrey stated, "they are pathetic." On another occasion, Ms. Humphrey told the undersigned counsel she had considered creating new records concerning her past treatment of Plaintiff to satisfy the Board's requests, but that a lawyer had discouraged her from doing so.

The Board has exhausted its efforts to obtain the cooperation of Ms. Humphrey in providing Plaintiff's records. Plaintiff said this week she would instruct Ms. Humphrey to provide the Board with her records and asked the Board to delay filing any related motions for that reason, but later told the Board to "do what you must," implying Ms. Humphrey's records would not be forthcoming.

**B.  The Board Cannot Depose Ms. Humphrey Without Her Documents and Needs Those Documents and Plaintiff's Subpoena Responses Before Deposing Plaintiff.**

The Board needs to obtain Ms. Humphrey's complete records concerning Plaintiff and has today filed a Motion to Compel in order to do so. In that Motion, the Board explains in detail why it is necessary to obtain Ms. Humphrey's records. Deposing either Plaintiff or her counselor before receiving the counselor's records would constitute a waste of time and money for all involved.

Additionally, Plaintiff recently issued approximately eleven (11) third party records subpoenas in the last two (2) months, but has not produced to the Board any documents she received in response. While she now claims she will produce those documents by Friday, January 16, 2015, that does not permit the Board sufficient time to review, analyze and take any necessary action concerning the documents before deposing Plaintiff and/or before the current discovery deadline.

After receiving Ms. Humphrey's records and the records Plaintiff received in response to all third party subpoenas, the Board must depose Plaintiff and Ms. Humphrey. Based on the foregoing, the Board further anticipates that after Ms. Humphrey's deposition, it may need to consider designating its own expert on the topic of Ms. Humphrey's lack of qualifications to serve as an expert and/or on Plaintiff's mental health claims in this case.

**C.  The Board is Not Responsible for Plaintiff's Repeated Delays of this Case and Should Be Afforded Sufficient Time to Complete Discovery.**

Numerous delays by Plaintiff prevented the Board from completing discovery.

**1. Plaintiff Did Not Timely Identify Her Counselor.**

The Board promptly served written discovery on Plaintiff, doing so on March 5, 2014. After receiving information from Plaintiff concerning relevant third party entities, the Board served document subpoenas on those entities in early April 2014. However, Plaintiff failed to identify her Ms. Humphrey (or any counselor or medical provider) in her Rule 26(a) disclosures and had not yet

responded to the Board's Interrogatories or Requests for Production of Documents. Therefore, the Board was not then aware of Ms. Humphrey's role in this case. (**Exhibit D**)

**2. The Withdrawal of Plaintiff's Counsel Caused Further Delays.**

Just as discovery was getting underway, Plaintiff's counsel moved to withdraw on April 9, 2014. (Docket #17) Plaintiff's failure to appear at the April 23, 2014, hearing on that motion resulted in the hearing being delayed and reset for May 1, 2014. (Docket #19) At the May 1, 2014 hearing, the Court allowed Plaintiff's counsel to withdraw and, at Plaintiff's request, allowed her until May 16, 2014 to file an *in forma pauperis* application and motion for attorney representation. (Docket #20) The Court stayed party discovery pending resolution of those matters, but allowed non-party discovery to continue. (Docket #20) The Court also stated the fact discovery deadline would be extended, with a date certain to be set at the next status. (Docket #20)

Plaintiff belatedly filed an *in forma pauperis* application and motion for attorney representation. (Docket #20, 23, 24) At a May 22, 2014, status, the Court denied those requests and ordered the Board to "be reasonable in extending the default discovery-response deadlines because Plaintiff is a *pro se* party." (Docket #25) The Court also extended the fact discovery deadline to November 28, 2014. (Docket #25)

**3. Plaintiff Belatedly and Incompletely Answered the Board's Written Discovery.**

More than four months after they were served, Plaintiff responded to the Board's written discovery requests on/about July 14, 2014. The responses were deficient and the Board wrote to Plaintiff regarding the deficiencies and conducted the requisite conference with Plaintiff by August 12, 2014. When the Board finally received Plaintiff's amended discovery responses and signed records authorizations, it used them to diligently pursue necessary additional third party discovery. As explained above, however, Plaintiff has issued approximately eleven (11) third party subpoenas in the past few weeks and has yet to produce any documents she received in response.

In short, discovery in this case has been repeatedly delayed, through no fault of the Board. Based on the foregoing, the Board respectfully requests that the Court extend the discovery deadline to March 13, 2015. This request is not made for the purpose of delay, but so that justice may be served. The undersigned counsel conferred with Plaintiff regarding this request. Plaintiff stated without explanation that she opposes this request.

## CONCLUSION

The Board respectfully requests that the Court extend the discovery deadline to March 13, 2015, and grant the Board all other relief to which it may be entitled.

DATED: January 15, 2015.

Respectfully submitted,

**COUNSEL FOR DEFENDANT THE BOARD OF EDUCATION OF THE CITY OF CHICAGO**

JAMES L. BEBLEY
General Counsel

By: /s/ *Lisa A. Dreishmire*
Lisa A. Dreishmire
Senior Assistant General Counsel
Board of Education of the City of Chicago
Law Department
1 North Dearborn, Suite 900
Chicago, Illinois 60602
(773) 553-1700

## CERTIFICATE OF SERVICE

I certify that I caused this pleading to be served upon Plaintiff *pro se* by CM-ECF E-Filing pursuant to General Order on Electronic Case Filing, Section XI(C), on January 15, 2015.

s/*Lisa A. Dreishmire*
Lisa A. Dreishmire